In the Matter of CONSTRUCTORS OF FLORIDA, INC., Debtor in Reorganization (two cases).
AMERICAN SURETY COMPANY OF NEW YORK, Appellant,

v.

The CORAL GABLES FIRST NATIONAL BANK and John Nicholas, Trustee, Appellees.

The CORAL GABLES FIRST NATIONAL BANK, Appellant,

v.

AMERICAN SURETY COMPANY OF NEW YORK and John Nicholas, Trustee, Appellees.

No. 21448.

United States Court of Appeals
Fifth Circuit.

June 30, 1965.

Rehearing Denied Sept. 3, 1965.

William L. Gray, Jr., Miami, Fla., Tom Maxey, Coral Gables, Fla., Leo Foster, Tallahassee, Fla., Blackwell, Walker & Gray, Miami, Fla., of counsel, for American Surety Co. of New York, appellant.

W. G. Ward, Ward & Ward, Miami, Fla., for the Coral Gables First Nat. Bank.

John H. Gunn, Miami, Fla., for John Nicholas, Trustee.

William B. Roman, Miami, Fla., Leo L. Foster, Tallahassee, Fla., for Pan American Bank of Miami.

Before TUTTLE, Chief Judge, and PHILLIPS,* and WISDOM, Circuit Judges.

PHILLIPS, Circuit Judge:

These appeals are from an order of the United States District Court for the Southern District of Florida entered in a Chapter X reorganization proceeding. The reorganization debtor, Constructors of Florida, Inc., will hereinafter be referred to as Constructors.

A phase of the reorganization proceeding here involved was before this court on a former appeal, Coral Gables First Nat. Bank v. Constructors of Florida, Inc., 5 Cir., 299 F.2d 736, and much of the facts here pertinent are set forth in the opinion in that case. Many of the facts here pertinent are also set forth in more detail in a related state court proceeding, Coral Gables First Nat. Bank v. Constructors of Fla., Fla.App., 119 So. 2d 741, c. d. Fla., 123 So.2d 349, c. d. 365 U.S. 811, 81 S.Ct. 690, 5 L.Ed.2d 691.

In January, 1957, the Coral Gables First National Bank and the Pan American Bank of Miami, a Florida state bank, hereinafter referred to individually as Coral Gables and Pan American and collectively as the Banks, brought an action in the Circuit Court of Dade County, Florida (Chancery No. 205613E) to foreclose three chattel mortgages given to them by Constructors to secure three loans dated July 24, 1956, July 25, 1956, and March 20, 1957, upon which there was alleged to be due the sums of $13,888.95, $92,690.85 and $151,802.46, respectively. American Surety Company of New York, hereinafter referred to as Surety, and the City of West Palm Beach were joined as defendants, the Banks alleging that they were liable for any deficiency remaining after foreclosure. Constructors counterclaimed against the Banks for penalties for usury allegedly charged by the Banks in connection with the March 20, 1957, loan in violation of Federal and State law, and Surety counterclaimed against the Banks for damages it allegedly incurred because of false information furnished to it by the Banks as to the financial condition of Construc-

* Senior Judge of the Tenth Circuit, sitting by designation.

tors and also claimed a prior lien on the property described in the mortgages.

In October, 1957, an involuntary petition in bankruptcy was filed against Constructors and the Bankruptcy Court by appropriate orders authorized the State Court litigation to proceed to final determination and the receiver to appear therein in behalf of the debtor. In November, 1958, a petition for reorganization under Chapter X was filed and an order was entered authorizing the Trustee in the reorganization proceeding to continue to prosecute the claims asserted by the debtor in the State Court action. In December, 1958, a proposed plan of reorganization was filed which provided for the continuation of the State Court litigation. The plan in part read:

"Article I.
Definitions.
" * * * the following terms, when used in the Plan, shall have the meanings respectively attributed to them below.

* * * * * *

"Bank Litigation: That certain litigation entitled Coral Gables First National Bank, et al, v. Constructors of Florida, et al, in the Circuit Court of the Eleventh Judicial Circuit, in and for Dade County, Florida, in Chancery, case number 205613, together with all appellate or review proceedings which have arisen or may hereafter arise therefrom.

"Net Proceeds of Bank Litigation: The net amount recovered by Debtor or Trustee out of Bank Litigation, after payment of all costs, expenses and attorney's fees arising therefrom.

* * * * * *

"Article IV.
Classification of Creditors
* * * * * *
"A. Secured Claims:
"Class I—The claim of American Surety Company of New York, Or the claim of Pan American Bank of Miami and Coral Gables First Na-

tional Bank, against the Debtor, to the extent of the value of the Debtor's property encumbered to secure such claim, *it being understood that whether either of said claimants shall be entitled to be considered secured, and the relative priority of their said claims, if valid, will be dependent upon the final outcome of Bank Litigation; * * *"* (Italics ours)

The plan was approved by the Court on December 15, 1958.

On January 5, 1959, Coral Gables filed a claim in the amount of $282,548.83. Its claim stated in part as follows:

"That the consideration of said debt is for moneys loaned on security. (See in detail all proceedings Circuit Court of Dade Co., Florida, Chancery No. 205613E and reference to matters on appeal, District Court of Appeals, Third District, No. 58–526, said proceedings being referred to in the petition and previous orders of this Court entered herein, full reference to same made a part hereof."

On the same date Surety filed a claim in the amount of $1,691,483.72 "of which $50,000.00 is estimated to be secured and $1,641,483.72 unsecured."

On March 6, 1959, Coral Gables filed a consent to the plan which stated that it "approves and accepts the plan of reorganization and consents to the Court entering an order confirming the plan of reorganization."

On March 11, 1959, the Bankruptcy Court confirmed the reorganization plan with certain modifications not here material.

Meanwhile, on June 26, 1958, the Florida State Court had entered its "Partial Final Decree" in the Bank litigation. That court found that the Banks were joint adventurers and agents of each other and that the Banks had charged usurious interest in connection with the March 20, 1957, transaction in violation of §§ 687.04 and 687.07, Florida Statutes, 1957, F.S.A. The court held that because of such usury Coral Gables was

liable to Constructors under 12 U.S.C.A. § 86 for double the amount of interest collected; that Pan American was liable to Constructors under § 687.07, supra, for all the principal and interest paid by Constructors on the usurious transaction; and that under § 687.07, supra, the principal and interest allegedly remaining due the Banks on the March 20, 1957, transaction should be cancelled.

With respect to the other two mortgages, foreclosure of which was sought, the Court adjudged that while the debts were still owing, the Banks were barred from obtaining foreclosure of the mortgages, relief equitable in nature, because they were "not in equity with clean hands," and that the lien of Surety against the personalty described in such mortgages was superior to that of the Banks. That judgment was appealed to the District Court of Appeals, Third District, where it was held that the Circuit Court of Dade County erred in forfeiting Coral Gable's proportionate share of the unpaid principal of the March 20, 1957, loan since such forfeiture constituted a penalty in excess of that permitted to be imposed upon a national bank by 12 U.S. C.A. § 86,[1] adjusted the proportionate participation of the two Banks in the transaction of March 20, 1957, and modified the judgment in one other respect not here material. In all other respects the judgment below was affirmed. Certiorari was denied by the Florida Supreme Court (123 So.2d 349) and by the United States Supreme Court (365 U.S. 811, 81 S.Ct. 690, 5 L.Ed.2d 691). Thereafter, the court below made additional findings, modified its decree to conform with the mandate of the Court of Appeals and adjudged that the Banks were also barred from obtaining foreclosure of the mortgage made in connection with the transaction of March 20, 1957, because they were "not in equity with clean hands." No appeal was taken from the modified decree.

In April, 1961, the Banks petitioned the Bankruptcy Court for an injunction prohibiting further State Court proceedings and any enforcement of or execution on the State Court judgment. That relief was denied and the Bankruptcy Court authorized the Trustee to execute on the State Court judgment. The Banks appealed from that order to this court and we affirmed, holding that the Bankruptcy Court had the power to permit continuance of the State Court litigation and that the State Court had jurisdiction to make and had made a judicial determination of the claims and cross-claims of the Constructors and the Banks. We refrained from expressly determining the questions of priorities and enforcement of security by the Banks and other creditors as those issues were not directly before us on that appeal.

Based upon this court's opinion and the State Court judgment the Trustee then filed additional objections to the claim of the Banks, objecting to the allowance and classification of the Banks' claim as a secured claim, and to participation by the Banks in the proceeds of the recovery made by the Trustee in the Bank litigation and asserting that the Banks' claim should be allowed as an unsecured claim only in the amount determined to be owing by the State Court.

The Banks moved for an order directing the Trustee to pay to them the moneys previously recovered by him in the State Court action stating as its grounds therefor the following: "The decree of the State Court is void insofar as the

1. 12 U.S.C.A. § 86 provides as follows:
"The taking, receiving, reserving, or charging a rate of interest greater than is allowed by the preceding section, when knowingly done, shall be deemed a forfeiture of the entire interest which the note, bill, or other evidence of debt carries with it, or which has been agreed to be paid thereon. In case the greater rate of interest has been paid, the person by whom it has been paid, or his legal representatives, may recover back, in an action in the nature of an action of debt, twice the amount of the interest thus paid from the association taking or receiving the same: *Provided,* That such action is commenced within two years from the time the usurious transaction occurred."

usury features are concerned, and any money erroneously collected therefrom is a trust fund now in the hands of the Trustee in Chapter X Reorganization Proceedings in this case. The opinion of the State Court is therefore subject to the claim that it lacked jurisdiction, and therefore it is a void judgment which is not binding on anyone and particularly not binding upon this Court. It is the duty of this Court sitting as a Court of equity as well as a Chapter X Reorganization Court, to direct the return of funds which have been specifically traced and which have not yet been disbursed. These funds should be returned to the parties from whom they were received."

After argument on the motion of the Banks and the objections of the Trustee to the claim of the Banks, the U. S. District Court for the Southern District of Florida, Miami Division, held that the Banks were barred by res judicata from attacking the determination by the State Court of its jurisdiction, but that the mortgages held by the Banks were valid and enforceable. The Court ordered that the motion of the Banks for an order directing the Trustee to pay to them the moneys collected in the State Court action be denied; that the Banks and Surety had valid liens against the proceeds from the sale of the property covered by the mortgages; that the matter of the relative priorities between the Banks and Surety be referred to the Referee in Bankruptcy as Special Master; that the Banks be awarded a secured claim in the amount found by the State Court to be due to them against the proceeds from the sale of the property covered by their mortgages and an unsecured claim for the deficiency; and that the Trustee's objections to the allowance of the Banks' claim as a secured claim be overruled.

The Banks have appealed from that order insofar as it sustained the objections of the Trustee to their claim, failed to determine the priority of the Banks' claim as against Surety's claim, and over-ruled their motion ordering the Trustee to pay over to them the moneys recovered in the State Court action.

Surety has appealed from that order insofar as it allowed the claim of the Banks as a secured claim and overruled the objections of the Trustee to the allowance of the claim of the Banks as a secured claim.

The Trustee has taken the position that the order of the Court below should be reversed to the extent that it fails to give full force and effect to the State Court judgment and in all other respects should be affirmed, but has not filed a notice of appeal.

The Banks contend that the Circuit Court of Dade County, Florida, had no jurisdiction to determine the issue of usury committed by a national bank raised by Constructor's counterclaim. We are of the opinion, however, that that question has been finally adjudicated and conclusively settled as between these parties by previous adjudications not now open to attack by the Banks.

The doctrine of res judicata embodies two main rules which may be stated as follows:

(1) The final judgment or decree of a court of competent jurisdiction upon the merits concludes the parties and their privies to the litigation, and constitutes a bar to a new action or suit upon the same cause of action either before the same or any other tribunal.

(2) Any right, fact or matter in issue and directly adjudicated, or necessarily involved in the determination of an action before a competent court in which a judgment or decree has been rendered upon the merits, is conclusively settled by the judgment therein and cannot again be litigated between the same parties and their privies, whether the claim, demand, purpose or subject-matter of the two suits is the same or not.

The principle of the first rule is referred to as "bar by former judgment,"

and the second as "conclusiveness of judgment."[2]

■ The action brought by the Banks for an injunction prohibiting further State Court proceedings which was the subject of the earlier appeal to this court directly presented on the merits the issues of whether the Bankruptcy Court had the power to direct the continuance of the State Court litigation and whether the Circuit Court of Dade County, Florida, had the power to determine the claims between Constructors and the Banks. The order of the Bankruptcy Court denying such injunctive relief and permitting execution by the Trustee on the State Court judgment, after affirmance by this court conclusively settled those issues between the parties. Such issues cannot again be litigated on the petition of the Banks for an order directing the Trustee to pay back the funds obtained through execution on the State Court judgment. Although the demand is different, the issues are identical.

■ Furthermore, the Banks are also concluded by the issues adjudicated by the State Court and may not relitigate those issues in this proceeding. The claim of the Banks that the State Court was without jurisdiction to adjudicate the issues of usury and the right to foreclose the mortgages and relative security rights of the Banks and the Surety to the property described in the mortgages is not well taken. The determination by a court of general jurisdiction of its own jurisdiction is conclusive as to the parties and their privies. In Burgess v. Nail, 10 Cir., 103 F.2d 37, 43–44, the court said:

"* * * Error in the determination of questions of law or fact upon which the Court's jurisdiction in the particular case depends, the court having general jurisdiction of the cause and the person, is error in the exercise of jurisdiction. Such an error affords no ground for collateral attack."[3]

The Florida Constitution, Article 5, Sec. 6(3), (F.S.A.Const. Article 5, Sec. 6(3)) establishes the jurisdiction of Circuit Courts in that State as follows:

"(3) *Jurisdiction.* The circuit courts shall have exclusive original jurisdiction in all cases in equity except such equity jurisdiction as may be conferred on juvenile courts, in all cases at law not cognizable by subordinate courts * * *."

The Banks concede that they contested the jurisdiction of the State Court in that forum and the court below so found. Moreover, the Circuit Court of Dade County was required of necessity to determine its own jurisdiction as an integral part of the proceedings in the Bank litigation. Therefore, that determination is conclusive as to that issue as among the parties to that action and the Banks may not litigate it again. The court below did not err in denying the motion of the Banks for an order directing the Trustee to pay back to them the funds obtained through execution on the State Court judgment.

However, we are of the opinion that the court below erred in failing to treat the determination by the Circuit Court of Dade County that the chattel mortgages of the Banks were unenforceable as conclusive upon the parties to that proceeding. "The doctrine of conclusiveness of judgment applies alike to the decrees of courts exercising equity jurisdiction and to the judgments of courts of law."[4]

2. Henderson v. United States Radiator Corporation, 10 Cir., 78 F.2d 674, 675. To the same effect see: United States v. Burch, 5 Cir., 294 F.2d 1, 5; Kelliher v. Stone & Webster, 5 Cir., 75 F.2d 331, 333.

3. See also: Bostwick v. Baldwin Drainage Dist., 5 Cir., 133 F.2d 1, 4–5, c.d. 319 U.S. 742, 63 S.Ct. 1030, 87 L.Ed. 1699;

Greene v. Uniacke, 5 Cir., 46 F.2d 916, 920–921, c.d. 283 U.S. 847, 51 S.Ct. 493, 75 L.Ed. 1455; Stoll v. Gottlieb, 305 U.S. 165, 172, 59 S.Ct. 134, 83 L.Ed 104; Baldwin v. Iowa State Traveling Men's Ass'n., 283 U.S. 522, 525–526, 51 S.Ct. 517, 75 L.Ed. 1244; 49 C.J.S. Judgments § 427, p. 849.

4. 50 C.J.S. Judgments § 692, p. 150.

The Circuit Court of Dade County had exclusive equity jurisdiction.[5] Since the Bank litigation was commenced by the Banks for the purpose of foreclosing their mortgages, the issue of the enforceability of those mortgages was necessarily involved in the determination by that court of that action, and the parties to the Bank litigation are also parties in the instant case. Thus, the determination by the Circuit Court of Dade County that the mortgages were unenforceable for equitable reasons is conclusive as to those parties and may not again be litigated by them.

Also, Article IV of the Reorganization Plan, supra, clearly contemplated that the validity of the claimed security of Surety and the Banks would be left for determination by the State Court in the Bank litigation. Not only did the Banks fail to appeal from the order confirming that plan, but also they affirmatively approved and accepted the plan and consented to its confirmation by the court.

11 U.S.C.A. § 624, provides in part as follows:

"Upon confirmation of a plan—

"(1) The plan and its provisions shall be binding upon the debtor, upon every other corporation issuing securities or acquiring property under the plan, and upon all creditors and stockholders, whether or not such creditors and stockholders are affected by the plan or have accepted it or have filed proofs of their claims or interests and whether or not their claims or interests have been scheduled or allowed or are allowable."

The Banks are bound by the provisions of the reorganization plan and since the confirmation order was not appealed, the determination by the Bankruptcy Court in its confirmation order pursuant to 11 U.S.C.A. § 621 that the plan complied with subchapter X of Chapter X of the Bankruptcy Act and that the plan was fair and equitable and feasible is not now open to attack.[6]

Therefore, the judgment of the court below should be affirmed insofar as it gives effect to the judgment of the State Court in the Bank litigation and reversed insofar as it sustained the validity of the mortgages of the Banks determined by the State Court to be unenforceable.

Remanded for further proceedings in accordance herewith.

---

5. F.S.A. Const. Art. 5, Sec. 6(3), supra.

6. 11 Remington on Bankruptcy Sec. 4712 (1961 Revision).