WIGGINTON, Chief Judge.
Defendants seek review of an adverse final judgment in a suit to quiet title rendered in favor of plaintiffs. The principal question preserved on appeal is the sufficiency of the evidence to support the judgment which found that plaintiffs are the owners of the land in dispute deriving title under a valid and sufficient deed of conveyance from a common grantor as well as by adverse possession with color of title.
The description of the land in dispute as contained in plaintiffs’ prior recorded deed is as follows:
“That portion of Tracts 1, 2, 3, 9, 10, 11, and 12 of Block 4, Section 34, Township 17 South, Range 32 East, being 70 acres more or less.”
In the final judgment appealed the trial court found:
“That the plaintiffs, William A. Hal-ler and Betty E. Haller, his wife, have showed that they have good and indefeasible fee simple title to the lands and premises involved in this suit by a good and sufficient warranty deed from a common source grantor who conveyed said lands to said plaintiffs prior to giving a special warranty deed to Virgil C. Gracey, et el., dated June 25, 1961 [defendant appellants’ predecessor in title]; * * *.”
Appellants contend that the above-quoted description in appellees’ deed is ambiguous and uncertain and, therefore, the intent of the parties should be looked to for the purpose of determining the exact description of the land conveyed. The part of the description which appellants refer to as ambiguous is the first three words contained therein, to wit, “That portion of,” which words are not made to connect with any other portion of the description and *469 create a doubt as to what portion of the tracts described was intended to be conveyed.
Appellees take the position that the ambiguous words included as part of the description are incomprehensible or meaningless and should be disregarded. If so treated, appellees urge that there is no justification for inquiring into the intent of the parties since the remaining part of the description is complete and sufficient in all respects.
The general rule is stated to be as follows :
“The fact that parts of the description given of the property are incorrect or incomprehensible will not destroy the operative effect of a conveyance, if a sufficient part of the description remains for purposes of identification. In such cases the misdescription will be ignored and the land held to be sufficiently described. The test is said to be whether a surveyor with the deed before him and with or without the aid of extrinsic evidence can locate the land and establish the boundaries. In determining the meaning of the words used, definitive words of description are preferred to words of uncertain import, and inaccurate terms may be rejected as sur-plusage. When a grantor has used unnecessary and meaningless words with words of conveyance which serve only to confuse, cut down, or destroy known legal estates created by proper words, the unnecessary and superfluous words may be disregarded.” [1]
Appellants take the further position that the designation of acreage as contained in the description is persuasive and should be considered, and since only that portion of the described tracts lying east of the public road contains 70 acres, this was all that was intended to be conveyed and does not include, nor was it intended to include, those portions of the described tracts lying west of the highway which comprise the 30 acres of land in dispute in this case. The described tracts as a whole contain 100 acres and not the 70 acres called for in appellees’ deed.
Appellees urge that the recitation of acreage contained in the description of the land set forth in their deed is not controlling and must be disregarded when it conflicts with the description of the property to which it has reference. In support of this position appellees refer to the general rule as follows:
“Of all the descriptive particulars in a deed, quantity is regarded as the least reliable, and yields to calls for monuments as well as to courses and distances, unless a clear intent to convey a certain quantity is manifested. Where a deed describes the land conveyed by well-defined metes and bounds, and states the number of acres contained therein, the more certain description by boundaries must govern the construction of the call; and both grantor and grantee, in the absence of fraud, take the risk as to the quantity of the land. But where the other terms of the description are not sufficiently certain and demonstrative, the number of acres given is an essential part of the description, and may be resorted to in aid of the defective part of such description.” [2]
By applying the foregoing principles, it would appear that there is sufficient support in the record to sustain the trial judge’s finding and conclusion on the question of the sufficiency of the deed under which appellees acquired title. For this reason, it would appear unnecessary that we either reach or pass upon the finding and holding of the trial court to the effect that appellees established by competent proof their title to the land in question by adverse possession under color of title.
*470 In our review of the record we have given due consideration to the applicable appellate principle that a judgment of the trial court reaches the appellate court clothed with a presumption of correctness. Our review of the record reveals that although the testimony is conflicting, there is substantial evidence to support the findings made and conclusions reached by the trial court. It is not the province of this court to substitute its judgment for that of the trier of the facts. These findings will not be disturbed in the absence of a clear showing that the trial court committed error or that the evidence demonstrates that the conclusions reached are erroneous.[3] The judgment appealed is accordingly affirmed.
JOHNSON and SPECTOR, JJ., concur.

. 23 Am.Jur.2d 269, Deeds, § 226.

. 10 Fla.Jur. 151, Deeds, § 145; See also 23 Am.Jur.2d 280, Deeds, § 240.

. Stoller v. Jaffe (Fla.App.1961), 125 So.2d 310; Old Equity Life Insurance Company v. Levenson (Fla.App.1965), 177 So.2d 50.