414 So.2d 1119 (1982)
Joseph P. FARRELL, Appellant,
v.
Charles D. PHILLIPS, Appellee.
No. 81-890.
District Court of Appeal of Florida, Fourth District.
June 2, 1982.
Richard V. Neill of Neill, Griffin, Jeffries & Lloyd, Fort Pierce, for appellant.
Frank H. Fee, III, of Fee, Koblegard & Teel, P.A., Fort Pierce, for appellee.
DELL, Judge.
Joseph P. Farrell appeals from a final judgment ordering specific performance of a contract to convey the Sea Horse Lodge to the appellee, Charles D. Phillips.
Appellant, the seller, signed and delivered a deposit receipt and contract for sale and purchase of the subject real property to the appellee on March 4, 1980. The contract called for a total purchase price of $300,000 and for the appellee to immediately place a $3,000 deposit in escrow, with the balance of a $50,000 down payment to be paid at the closing. The contract required the seller to accept a $250,000 purchase money note and mortgage payable over twenty years at 7 1/2% interest, subject, two years after date, to a subordination agreement which would subordinate it to "any first mortgage obtained from a lending institution for the *1120 purpose of construction." The contract did not delineate responsibility for the existing first mortgage on the real property. Appellant had previously rejected several contracts which contained substantially similar terms except for the delayed effective date of the subordination clause. Three days after signing the contract of sale, appellant repudiated the contract. Appellee brought an action for specific performance. The trial court ordered specific performance and entered a final judgment which contained detailed provisions governing payment of the existing mortgage and operation of the delayed subordination clause.
Appellant raises three points on appeal. He contends first, that the contract lacked certain essential terms which made it indefinite, uncertain and incapable of specific performance; secondly, that the appellee breached the alleged contract because he failed to pay the deposit into a proper escrow account; and lastly, that the totality of the circumstances of the case bars specific performance.
We agree with appellant's contention that the absence of certain essential terms made the contract too indefinite and uncertain for specific performance. Essential terms in contracts of sale vary greatly depending on the nature and complexity of the underlying transactions. Socarras v. Claughton Hotels, Inc., 374 So.2d 1057, 1060 (Fla.3d DCA 1979). These terms must be expressed with reasonable certainty considering "the subject-matter of the agreement, the purposes for which it was entered into, the situation and relation of the parties, and the circumstances under which it was made." Rundel v. Gordon, 92 Fla. 1110, 111 So. 386, 389 (1927). The contract of sale in the present case did not contain any terms for the disposition of an $84,000 existing first mortgage on property sold for $300,000 nor did it contain any provision regarding the amount or terms of the construction loan which would be superior to appellant's mortgage. When a transaction is of considerable size and complexity, details concerning the assumption of an existing mortgage become essential terms for specific performance, Nichols v. MoAmCo Corporation, 311 So.2d 750 (Fla.2d DCA 1975), and when a contract of sale includes a provision on subordination of the purchase money mortgage, the amount and limits thereof must be definite and certain in the contract itself before specific performance is proper. Lasseter v. Dauer, 211 So.2d 584 (Fla.3d DCA 1968).
The trial court highlighted the need for the missing terms when it approved a form of wrap around mortgage which required the appellant to continue paying the existing first mortgage and noted that the parties understood the terms of the construction loan because they were implicit in the contract. A court may not supply material contract terms which the parties have omitted. Topper v. Alcazar Operating Co., 160 Fla. 421, 35 So.2d 392, 394 (1948). In this case the contract of sale lacked material and essential terms which made it too indefinite and uncertain for specific performance. Having reached the foregoing conclusion, we need not discuss appellant's remaining points on appeal.
Accordingly, we reverse the final judgment granting specific performance and remand this case for such further proceedings consistent with this opinion as may be appropriate.
REVERSED AND REMANDED.
DOWNEY, J., and SCHWARTZ, ALAN R., Associate Judge, concur.