PER CURIAM.
We reverse the order of the trial court granting specific performance upon a holding that the contract upon which enforcement is sought does not sufficiently describe the real property in question and, thus, is not capable of specific performance. Florida Bank & Trust Co. at West Palm Beach v. Field, 157 Fla. 261, 25 So.2d 663 (1946); Fox v. Sails At Laguna Club Development Corp., 403 So.2d 456 (Fla. 3d DCA 1981); Hart v. Freeman & Sons, Inc., 226 So.2d 708 (Fla. 3d DCA 1969); see also Farrell v. Phillips, 414 So.2d 1119 (Fla. 4th DCA 1982); The Bay Club, Inc. v. Brickell Bay Club, Inc., 293 So.2d 137 (Fla. 3d DCA 1974).
The use of parole evidence to remove a patent ambiguity with respect to a legal description in a conveyance is error. Connelly v. Smith, 97 So.2d 865 (Fla. 3d DCA 1957); see also Hunt v. First National Bank of Tampa, 381 So.2d 1194 (Fla. 2d DCA 1980).
The trial court erred in failing to apply laches as defense in this specific performance action. DeHuy v. Osborne, 96 Fla. 435, 118 So. 161 (1928). Our view is reinforced since the contract in this case contains a “time is of the essence” provision. Pattison v. Reid, 303 So.2d 40 (Fla. 3d DCA 1974).
Having concluded that specific performance will not lie, we remand to the trial court the breach of contract action which was not passed upon in the first instance. The judgment, in all other respects, is.affirmed.
Affirmed in part, reversed in part, and remanded for further proceedings.