418 So.2d 437 (1982)
Nathan LAUFER and Norma Laufer, Appellants,
v.
NORMA FASHIONS, INC., Appellee.
No. 81-1367.
District Court of Appeal of Florida, Third District.
August 24, 1982.
Pedro Osvaldo Jimenez-Pages, Miami, for appellants.
*438 Yvette G. Murphy, Coral Gables, for appellee.
Before SCHWARTZ, DANIEL S. PEARSON and FERGUSON, JJ.
FERGUSON, Judge.
Appellants are the former president of appellee corporation and his wife. They appeal from an adverse judgment entered by the court without a jury on a complaint for breach of contract. The two points raised by this appeal are: (1) whether the contract was so ambiguous as to require the court to construe it as a factual issue, and if so (2) whether the trial court's resolution of the issue is supported by competent substantial evidence. We answer both questions affirmatively.
The undisputed facts are as follows: Appellants entered into a written agreement on July 15, 1977 to sell back to the corporation all of their shares of stock. The terms of the agreement required them to satisfy an outstanding loan obtained from the Small Business Administration (SBA), estimated by appellants to have an outstanding balance of approximately $6,200.00 as of the date of the agreement.[1] Appellants received $3,000.00 upon execution of the agreement and were to receive factory-finished products worth $5,000.00 from appellee after satisfying their contractual obligations.
The SBA loan  which is the center of the controversy  was initially made to appellants to start the business. It was secured by a mortgage on appellants' home.[2] Without the appellee corporation's knowledge or approval, appellant, Nathan Laufer, on July 14, 1977, one day prior to executing the agreement, wrote two checks from the corporate checking account (using bank counterchecks) payable to the SBA for a total amount of $2,724.00. These payments would have reduced the outstanding obligation from $9,170.00 to the $6,446.00 (approximately $6,200.00) amount which appellants represented as being due.[3] An officer of the bank on which the checks were drawn became suspicious of the unnumbered counterchecks, one of which was post-dated. He called an officer of appellee corporation and was instructed to dishonor the checks because (1) the checks were not authorized by the corporation and (2) the corporate account did not contain sufficient funds to cover the checks.
Since the loan still had not been fully satisfied (by the amount of the dishonored checks), the SBA threatened to levy against the corporation's equipment rather than foreclose the mortgage on appellants' home. To prevent interruption of the business, the corporation was forced to enter into an agreement with SBA to satisfy the balance on the loan.
The pertinent contract clause provides:
3. The stockholders shall within fifteen days from the execution of this instrument, satisfy that certain debt in the proximate amount of $6,200.00 presently owed to or guaranteed by The Small Business Administration, and submit proof of payment and liquidation of said debt. (emphasis supplied).
Appellant, Nathan Laufer, contends that on the date he signed the checks for payment of the loan from the corporation's account he was authorized as a corporate officer to do so, and that by terms of the agreement they were personally obligated to pay no more than $6,446.00 (approximately $6,200.00) of the outstanding SBA loan.
*439 Although the agreement required appellants to satisfy their personal indebtedness to SBA, and fixed the amount at approximately $6,200.00, there was no agreement that appellee-corporation would be responsible for the amount of the loan which exceeded $6,200.00 thereby raising a sharply disputed issue as to which party was obligated to pay the difference. The trial court, in rejecting appellant's contentions, found that "it was a condition precedent to [appellee's] performance that [appellants] satisfy in full [the] debt owed to the Small Business Administration."
A phrase in a contract is ambiguous when it is uncertain of meaning and disputed, Friedman v. Virginia Metal Products Corp., 56 So.2d 515 (Fla. 1952), and must be determined as an issue of fact. Goldbloom v. J.I. Kislak Mortgage Co., 408 So.2d 748 (Fla. 3d DCA 1982); Hoffman v. Terry, 397 So.2d 1184 (Fla. 3d DCA 1981); Ellenwood v. Southern United Life Ins. Co., 373 So.2d 392 (Fla. 1st DCA 1979). The trial court properly considered all the parol evidence which tended to clarify the terms of the agreement and decided the controversy as an issue of fact, which finding is supported by the record. A finding of fact by a trial judge in a nonjury case will not be set aside on review unless totally unsupported by competent substantial evidence. Green v. Hartley Realty Corp. and Algo Realty Inc., 416 So.2d 50 (Fla. 3d DCA 1982) (1982); Oceanic International Corp. v. Lantana Boatyard, 402 So.2d 507 (Fla. 4th DCA 1981); Pryor v. Pryor, 274 So.2d 242 (Fla. 1st DCA 1973); Griffith Services, Inc. v. Walter Kidde Constructors, Inc., 262 So.2d 240 (Fla. 1st DCA 1972); Mogee v. Haller, 222 So.2d 468 (Fla. 1st DCA 1969).
Affirmed.
SCHWARTZ, J., dissents.
NOTES
[1] Because the loan contract, entered into before the corporation was formed, was not carried on the corporate records as a corporate obligation, appellees relied on appellants' representation as to the amount of the unpaid balance.
[2] Corporate records do not reflect how the loan proceeds were used. Four days before the agreement was signed, the SBA notified appellants that their loan was in a "serious delinquent status"; no installment payment had been made by appellant within the previous six months. Prior payments made to the SBA by the business were deducted from appellant's salary.
[3] On July 22, 1977, appellants gave the SBA a cashier's check for $6,446.00, thereafter alleging that they had paid the "balance due" and satisfied all their obligations under the contract.