PER CURIAM.
By this appeal defendant claims (1) it was error for the trial court to enter a judgment on the basis of negligence when the case was not pleaded or tried on a theory of negligence, (2) there is no evidence to support a judgment for the plaintiff on a theory of negligent management, and (3) there is no evidence to support damages in the amount of $30,000.
On the first point we affirm. Plaintiffs motion to “amend the complaint to conform to the evidence,” made at the conclusion of the trial, to which no objection was interposed, permitted the trial court to enter judgment on a theory other than that originally pleaded. “It is of no import, and certainly not unusual, that the theory upon which the trial court correctly tried and resolved the question was expressly identified for the first time in written final judgment.” Central National Bank of Miami v. Central Bancorp, Inc., 411 So.2d 358, 362 (Fla. 3d DCA 1982).
On the second point we also affirm. The defendant argued at trial that the evidence did not support a judgment for conversion, upon which theory the case was originally pleaded. The court accepted this argument and tried the case on a negligence theory. The trial court’s findings on the question of liability, based on a theory of negligence, are supported by substantial and competent evidence, and therefore will not be disturbed. Laufer v. Norma Fashions, Inc., 418 So.2d 437 (Fla. 3d DCA 1982).
The third point has merit. We have thoroughly examined the record and find that the evidence will support a judgment of only $14,498. Where a trial court’s decision is manifestly against the weight of the evidence, the appellate court has a duty to reverse. Hull v. Miami Shores Village, 435 So.2d 868 (Fla. 3d DCA 1983).
AFFIRMED in part, REVERSED in part, and remanded with instructions to enter judgment for appellee in accordance with this opinion.