FERGUSON, Judge
(dissenting).
The trial court made extensive findings of facts, concluding that the widow had “failed to adduce sufficient facts to raise any presumption of overreaching on the part of the husband.” The trial court’s findings are supported by competent and substantial evidence and should not be disturbed by this court. Laufer v. Norma Fashions, Inc., 418 So.2d 437 (Fla. 3d DCA 1982). Mary June Edsell, a competent woman who had some experience in running a business with her husband, and had lived with John Edsell several years before they married, simply failed in her burden to prove that the antenuptial agreement entered into with her husband was improperly obtained.
On rehearing appellees contend that, contrary to the statement in this court’s original opinion, they have never agreed that the rule from Lutgert v. Lutgert, 338 So.2d 1111 (Fla. 2d DCA 1976) controls this case. They are correct. I respectfully disagree with the application of Lutgert to aid the widow in proof of her claim by creating a presumption of undue influence, the effect of which is to shift to the estate of the deceased the burden to come forward with proof that the antenuptial agreement was not improperly obtained. The court which promulgated Lutgert has since held that the case applies only to dissolution of marriage proceedings where the other party is available to testify, and has no application to probate proceedings. Ellis First National Bank of West Pasco v. Downing, 443 So.2d 337 (Fla. 2d DCA 1983). The policy reasons are obvious. In most cases the only witness to circumstances surrounding execution of the antenuptial agreement is the other party whose lips are sealed by death.
Section 732.702(2), Florida Statutes (1983)[1] makes valid all antenuptial agreements, even in the absence of a fair disclosure of the assets of each spouse’s estate, Weintraub v. Weintraub, 417 So.2d 629, 630 (Fla.1982), so long as the agreement in form complies with Section 732.701(1), and no evidence exists that any signatures were coerced or otherwise improperly obtained or that either spouse was incompetent at the time of signing. Downing. The legislature apparently intended that a spouse seeking to overturn such an agreement after the death of the other spouse carry a heavy burden in proving the invalidity of the agreement.
*267 The majority opinion herein squarely conflicts with' Downing.

. Section 732.702(2) provides:
(2) Each spouse shall make a fair disclosure to the other of his or her estate if the agreement, contract, or waiver is executed after marriage. No disclosure shall be required for an agreement, contract, or waiver executed before marriage.