448 So.2d 1112 (1984)
DESIGN ENGINEERING CORPORATION OF AMERICA, a Florida Corporation, Appellant,
v.
PAN AVIATION, INC., a Delaware Corporation, Appellee.
No. 83-2023.
District Court of Appeal of Florida, Third District.
April 3, 1984.
Rehearing Denied May 11, 1984.
Blackwell, Walker, Gray, Powers, Flick & Hoehl and James C. Blecke, Miami, for appellant.
Gaston Snow & Ely Bartlett and Hall & Swann and Enrique Arroyo, Coral Gables, for appellee.
Before NESBITT, BASKIN and FERGUSON, JJ.
PER CURIAM.
We affirm the judgment below except as to the award of $100,000 to appellee for damages "suffered as a result of the delay and wrongful detention" of an aircraft. By contract, the parties had agreed that appellant would not be liable for loss, including loss of use and consequential damages, arising out of the services performed by appellant. Further, the record shows clearly that the missed annual aircraft inspection, valued at $100,000, was not directly attributable to the wrongful detention of appellee's aircraft on March 15, 1983. Instead the loss occurred on February 5, 1983, when appellee's substitute aircraft missed an inspection because it was pressed into service while the aircraft which is the subject of this action was being repaired by appellant. The evidence shows that the loss resulting from the one day detention of March 15th, long after the missed inspection, was only $1,000.
Where the findings of a trial judge, sitting as fact-finder, are supported by competent substantial evidence, they will not be disturbed by a reviewing court. *1113 Oceanic International Corp. v. Lantana Boatyard, 402 So.2d 507 (Fla. 4th DCA 1981). But where there is no competent evidence in the record to support a trial judge's decision, the appellate court has a duty to reverse. Hull v. Miami Shores Village, 435 So.2d 868 (Fla. 3d DCA 1983). In light of this partial reversal, we remand for reconsideration of the amount of costs and fees to be awarded to appellee.
Affirmed in part, reversed in part, and remanded.