FERGUSON, Judge.
Appellant William Turner, a single man, and appellee Amparo Bustamante were lovers in a live-in affair which lasted several years. During the period of cohabitation, Amparo conceived and gave birth to a daughter, Vanessa. At all times of the *37 affair, Amparo was married to another man.
The affair soured, and the parties bickered for many months. On October 28, 1982, Amparo brought suit against Turner for ejectment from the house where the parties had resided with the child, to quiet title, and for damages resulting from an alleged fraud perpetrated by Turner and Turner’s cousin, George Larkins, which caused Amparo to execute a document transferring her interest in the property to Larkins.
By way of an eight-count counterclaim Turner, an attorney appearing pro se and on behalf of Larkins, sought, inter alia, to establish a resulting trust or constructive trust based on allegations and evidence that the funds used to purchase the home came from Turner’s mother, Dorothea Turner, with a condition that the property be used to pay for her granddaughter’s education. The theory of the counterclaim was that Amparo had declared that Turner was not Vanessa’s father, for which reason the gift failed. Turner alleged that Amparo defrauded Mrs. Turner and that to allow Amparo to retain the exclusive use of the property would constitute an unjust enrichment. Larkins’ standing in the action is based on a claimed “assignment of rights” from Mrs. Turner. Mrs. Turner is not a party to this action.
In a final judgment entered December 6, 1984, the trial court voided the instrument by which Larkins purported to take title and ordered Turner to vacate the premises and deliver possession and title to Amparo to be held in trust for Vanessa. All counts of the counterclaim were denied.
We affirm the judgment on the complaint with a modification that the property is to be held in trust for the child’s education. Because the trial court’s findings and conclusions are otherwise supported by the record they will not be disturbed. Laufer v. Norma Fashions, Inc, 418 So.2d 437 (Fla. 3d DCA 1982); Oceanic International Corp. v. Lantana Boatyard, 402 So.2d 507 (Fla. 4th DCA 1981), modified, 438 So.2d 948 (Fla. 4th DCA 1983).
The judgment on Turner and Larkins’ counterclaim is also affirmed. Our view is that the counterclaim failed to state a cause of action upon which relief could be granted. The disposition of this appeal does not bar an action by Mrs. Turner to void the trust.
Affirmed as modified.