FERGUSON, Judge.
On the concession of the appellee, that the compensatory damages award of $680,-000 is a scrivener’s error and the correct amount is $580,000, we remand the case to the trial court for a correction of the judgment.
As to the remaining points no reversible error is shown. Contrary to the appellant’s contention, the amount owed to the bank — for the purpose of computing default interest — should not have been reduced by the value of collateral conveyed to the bank by an April 27, 1983, quit claim deed. The evidence demonstrated that the deed was part of a scheme to defraud the bank. Oswald Morales, a bank official who had been bribed by Echevarria, testified on cross-examination at trial that it was not the intent of the parties that the delivery of the quit claim deed extinguish the debt to the extent of the land value. That testimony is unrefuted[1] and is corroborated by new agreements between the parties — executed after the quit claim deed was delivered — extending the time for repayment. Furthermore, Echevarria had encumbered the property with two mortgages fraudulently backdated so as to appear superior to the bank’s mortgage. In fact, the land was unmarketable until the bank reestablished its superior position by voiding the fraudulent mortgages in a quiet title action. For those reasons, the trial judge’s assessment of interest on the principal amount of the loan after April 27, 1983, through the date the fraudulent mortgages were extinguished in the quiet title action, is supported by competent and substantial evidence. Findings of fact by a trial judge in a nonjury case will not be set aside on review unless totally unsupported by competent substantial evidence. Laufer v. Norma Fashions, Inc., 418 So.2d 437 (Fla. 3d DCA 1982).
Echevarria’s “willful, wanton and malicious conduct” justified the assessment of $1,000,000 in punitive damages. See Winn & Lovett Grocery Co. v. Archer, 126 Fla. 308, 171 So. 214 (Fla.1936) (a legal basis for punitive damages exists where a tort is fraudulent and wanton). There is no clear showing that the punitive damage award amounts to economic castigation, that the tort committed lacked the degree of wantonness or malice necessary to sustain the amount of the award, or that the punitive damages award is excessively disproportionate to the compensatory damages. Wackenhut Corp. v. Canty, 359 So.2d 430 (Fla.1978).
Affirmed and remanded for correction of the judgment as to the compensatory damages award.

. Although Echevarria raised the sufficiency of the evidence to support the factual findings by a motion for rehearing, he did not testify at trial and asserted his fifth amendment privilege against self-incrimination in response to deposition interrogation.