PER CURIAM.
Appellant, Jean Claude Boisset Wine, USA, Inc., (Boisset), appeals from that portion of a final judgment granting a setoff to appellee, George I. Sambor d/b/a Baron George Imports (Sambor), on a counterclaim. We affirm in part, reverse in part, and remand.
Sambor, a wholesale distributor of wines, purchased a shipment of French wine from Boisset. When, after two years, Sambor had only made a partial payment on the shipment, Boisset brought an action to collect the remaining balance.
Sambor counterclaimed for loss of investment. At the subsequent bench trial, Sam-bor, for the first time, alleged defects in the wine.
Boisset presented evidence that Sambor had previously acknowledged the outstanding balance without ever claiming that the wine was defective. Boisset presented expert testimony about the fine quality of the wine sold to Sambor.
The trial court found that because of Sambor’s failure to notify Boisset of the alleged defects, Sambor had not “met the burden of proving by the greater weight of the evidence [his] contentions.” Nevertheless, the trial court reduced Boisset’s award by a setoff in favor of Sambor, on his counterclaim.
We find that the setoff awarded to Sam-bor is not supported by substantial competent evidence. See Randy International, Ltd. v. American Excess Corp., 501 So.2d 667 (Fla. 3d DCA 1987); Design Engineering Corp. of America v. Pan Aviation, Inc., 448 So.2d 1112 (Fla. 3d DCA 1984); Hull v. Miami Shores Village, 435 So.2d 868 (Fla. 3d DCA 1983). Accordingly, we affirm the judgment, but reverse that part of the judgment which grants appellee Sambor, any setoff on his counterclaim.
Affirmed in part, reversed in part, and remanded.