585 So.2d 270 (1991)
RYBOVICH BOAT WORKS, INC., et al., Petitioners,
v.
Randall W. ATKINS, etc., Respondents.
No. 76052.
Supreme Court of Florida.
August 22, 1991.
William G. Christopher, Steven L. Schwarzberg and Patti A. Velasquez, Honigman, Miller, Schwartz and Cohn, West Palm Beach, for petitioners.
Alberto A. Macia, Shea & Gould, Miami, for respondents.
KOGAN, Justice.
We have for review Atkins v. Rybovich Boat Works, Inc., 561 So.2d 594, 596 (Fla. 4th DCA 1990), which certified the following question of great public importance:
Does the holding of Allie v. Ionata[1] permit the maintenance of a time barred claim for specific performance when it is filed as a compulsory counterclaim?
We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We answer the question in the negative.
On June 18, 1985, Rybovich Boat Works, Inc., and Robert C. Fisher (Sellers) entered into a written agreement with Randall W. Atkins (Buyer) for an option to buy real property. Under amendments to the original agreement, Buyer was required to establish the closing date by giving Sellers at least seven-days' advance notice. In any event, closing could not occur later than December 5, 1987.
The requisite notice was never provided, and closing never took place. On February *271 12, 1988, Sellers sent a letter to Buyer declaring him to be in default. On February 18, 1988, Buyer reciprocated with a letter declaring Sellers to be in default.
On or about February 26, 1988, Sellers entered into a second agreement to sell the property to someone else. Closing was to occur on or about March 4, 1988. Shortly before closing, Buyer's attorney learned of the proposed transaction and telephoned the title company that was insuring the sale. Buyer's attorney told the title company that Buyer had an interest in the property under the contract. As a result, the title company would not insure the property against Buyer's claim, and the entire transaction failed.
On May 4, 1988, Sellers filed suit against Buyer alleging breach of the agreement, tortious interference with the second transaction, and slander of title. The suit asked for an injunction, damages, and an order quieting title. On May 10, 1989, Buyer filed a counterclaim for specific performance, breach of contract, and tortious interference with business relationships. The counterclaim asked for $65 million in damages.
Sellers responded that the claim for specific performance was time-barred because it was not filed within one year, as required by section 95.11(5)(a), Florida Statutes (1985). The trial court then granted Sellers' motion for summary judgment on this issue, based on this statute of limitations.
Relying on Allie v. Ionata, 503 So.2d 1237 (Fla. 1987), the Fourth District reached the opposite conclusion and quashed the trial court's order. Atkins v. Rybovich Boat Works, Inc., 561 So.2d 594 (Fla. 4th DCA 1990).
In Allie, this Court held that a counter claim of recoupment of money damages may be asserted even though the underlying claim itself would have been time-barred if raised as a separate cause of action. Allie, 503 So.2d at 1239-40. This holding rested primarily on considerations of public policy and fairness as well as an analysis of the purpose of statutes of limitation. Drawing on all these sources, we stated that parties who are asking a court for money damages should not be allowed to hide behind a statute of limitation to shield themselves from the consequences of their own misconduct, which has been called to the court's attention by the opposing party. See id.
Fundamental fairness required this result in Allie. A contrary holding would have authorized plaintiffs to take advantage of technical quirks in the law to file their lawsuits after defendants' counterclaims have become time-barred. Under such a scheme, even the grossest misconduct by the plaintiff could be excluded from the court's consideration. Statutes of limitation are intended to promote fairness, not to encourage this type of misconduct.
In the present case, quite different questions of fairness and public policy are present. We note at the outset that the counterclaim raised in this instance sought the harsh remedy of specific performance, and that the object of this claim is a parcel of real property. Thus, very different issues are present here than were present in Allie.
The argument advanced by Atkins, if accepted by this Court, would have the effect of placing a cloud on the title of any real property that was the subject of a failed contract for purchase and sale. This cloud would exist for at least several years after the contract failed, until the point in time at which every conceivable lawsuit arising from the failed contract was time-barred. During this period, the marketability of the property would be reduced, its value would be lessened by the possibility of a future lawsuit, and title insurance companies would be unwilling to insure the property against an eventual claim for specific performance. The mere fact of entering into a contract for purchase and sale thus could become a risky venture, giving buyers great pause. All of these results are contrary to the public policy of Florida, as expressed in legal authority such as section 95.11(5)(a), Florida Statutes (1985), which seek to encourage the alienability of real property.
*272 In sum, we do not believe the rationale of Allie applies whenever the particular remedy raised in counterclaim seeks the delivery of unique or nonfungible property such as real estate. The issue in Allie was money damages. With money, it does not matter which particular units are used as payment, and there is no serious restraint on property rights if the possibility of a defendant's counterclaim for money damages endures over the several years during which a plaintiff may bring a lawsuit. Moreover, no undue restraint on the alienability of property occurs if plaintiffs are required to offset their own money damages against the money damages they have inflicted on their defendants, even if the latter damages otherwise are time-barred.
We also note that the law of specific performance itself does not favor the argument raised by Buyer. Our case law is clear that the remedy of specific performance is not a matter of right. To the contrary, the court contemplating an order of specific performance is obligated to consider whether this remedy, based on the facts of the case, would achieve an unfair or unjust result. If so, specific performance is not permitted. Todd v. Hyzer, 154 Fla. 702, 18 So.2d 888 (1944). We believe that, as a matter of law, unfairness and unjustness always exist whenever a court allows a time-barred claim for specific performance to be raised as a counterclaim in a lawsuit arising from a contract for purchase and sale of real property.
Finally, we are aware of Buyer's argument that sellers of real property may abuse the holding this Court makes today. Atkins asserts that sellers who intend to sue their prospective buyers will simply wait out the one-year limitation period before filing suit. While this may be the case in some instances, such a tactic will not shield the seller from counterclaims for money damages, only from a claim for specific performance. See Allie. Other remedies that remain available to buyers can include rescission, liquidated damages, out-of-pocket expenses, or the value of the bargain, wherever appropriate. We thus believe the rule we adopt today balances the interests of all parties. Adequate remedies remain available to buyers, and sellers are not forced to suffer the cloud on title that would result from allowing stale counterclaims for specific performance to be raised in cases of this type.
For the foregoing reasons, the opinion under review is quashed and the trial court's summary judgment on the issue of specific performance is reinstated.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, BARKETT, GRIMES and HARDING, JJ., concur.
NOTES
[1] 503 So.2d 1237 (Fla. 1987).