PER CURIAM.
Spanerete, Inc. and its officers, Gary Schmidt, president, and Randy Quinn, vice-president, appeal from a judgment finding them jointly and severally liable to Rinker Materials Corporation in the amount of $24,-077.35 pursuant to a contract and personal guarantees. The award of $8,272.75 in attorney’s fees is also appealed under a different ease number. We affirm both judgments.
Rinker shipped materials to Spancrete from two of its plants. Of the admitted $24,077.35 owed to Rinker by Spanerete, $2,200 is for materials shipped from the 1025/Pennsuco plant and the balance is for materials shipped from Rinker’s FEC quarry. The officers contend here that they assumed responsibility for only materials shipped from the 1025/Pennsuco plant as shown in the top portion of the credit application. At the end of the application, however, they agreed “to be personally responsible for any purchases made by the corporation pursuant to this application.” After taking testimony, the trial judge resolved the patent ambiguity in favor of the creditor, finding that the defendants had an open account to buy materials from any Rinker facility. That finding cannot be disturbed because it is supported by competent and substantial evidence. Laufer v. Norma Fashions, Inc., 418 So.2d 437 (Fla. 3d DCA 1982).
Rinker claims, by cross-appeal, that it was wrongfully denied prejudgment interest. We agree. Once a verdict has liquidated the damages on a contractual claim as of a date certain, computation of prejudgment interest is matter of a mathematical computation. Argonaut Ins. Co. v. May Plumbing Co., 474 So.2d 212 (Fla.1985).
The remaining points are without merit.
Affirmed in part, reversed in part, and remanded for further consistent proceedings.