PER CURIAM.
This is an appeal from a final judgment that annuls an instrument granting an easement. We affirm.
In 1982 Ronald Haight made plans to install an air-conditioning unit and gas tank on his property. In order to comply with the Dade County improvement set-back requirements for the installation of these items, Haight asked his neighbor for the use of part of her property. The neighbor, Emily Hall, a sixty-six year-old widow, agreed to allow use of a section of her land for that purpose. Haight had his attorney prepare a document which granted him a perpetual easement across a thirty-foot section of the eastern boundary of Mrs. Hall’s property. As consideration for the use of her property, Haight gave Mrs. Hall $10 and built a driveway on her lot.
Eight years later, Mrs. Hall decided to sell her home. During a title search, the grant of easement was discovered. The buyer refused to complete the sale unless the easement was extinguished. Mrs. Hall asked Haight to voluntarily relinquish the easement but he refused. She then filed an action for declaratory judgment.
The complaint alleged that when Mr. Haight asked Mrs. Hall to allow him temporary use of her property, he presented her with a paper which he called a “letter” granting permission. In the presence of Mr. Haight, Mrs. Hall signed the letter. According to the complaint, Mrs. Hall did not think much about the letter, she simply allowed her neighbor to use the property while she continued to pay taxes on the entirety of the real estate. It was not until the 1990 title search that Mrs. Hall discovered the existence of an easement. The complaint alleged that Haight had fraudulently induced her to sign the easement document.
At the nonjury trial, an instrument granting a perpetual easement bearing the signatures of two witnesses and a notary was introduced into evidence. Mrs. Hall denied having signed any document in the presence of witnesses or a notary. Testifying for Mrs. Hall, Mrs. Haight stated that when she saw the easement document, it bore no signatures at all. Judith Blythe, the notary, admitted that she could not recall the execution of the document. The testimony presented by Haight’s witnesses, as to the place, time, and manner of execution of the documents, was conflicting. The trial judge found Mrs. Hall’s testimony to be credible. He concluded that on the basis of the testimony regarding the preparation, delivery, and execution of the easement documents, the instrument granting the easement was void for lack of execution in the presence of subscribing witnesses in accordance with section 689.01, Florida Statutes (1991).
We hold that there was substantial competent evidence to support that finding. A finding of fact by a trial judge in a nonjury case will not be set aside on review unless totally unsupported by competent substantial evidence. Echevarria v. Republic Nat’l Bank, 546 So.2d 455 (Fla. 3d DCA 1989); Laufer v. Norma Fashions, Inc., 418 So.2d 437 (Fla. 3d DCA 1982).
Affirmed.