632 So.2d 254 (1994)
Nell JORDAN, Appellant,
v.
Paul T. BOISVERT, Appellee.
No. 92-3590.
District Court of Appeal of Florida, First District.
February 23, 1994.
*255 Ferrin C. Campbell, Sr., Crestview, for appellant.
John L. Miller, of Johnson, Green & Locklin, P.A., Milton, for appellee.
JOANOS, Judge.
Appellant, Nell Jordan, appeals from a final judgment of the trial court in which the trial court denied specific performance of a contract for sale and purchase of real property, and reserved jurisdiction to determine the amount of attorney's fees and costs to be awarded to the defendant. We affirm in part, and reverse in part.
On September 29, 1989, the parties to this appeal entered into a contract for sale and purchase of real property. Attached to the contract was a drawing or sketch of the general area of the property. The contract fixed the price, contained a description, and called for a survey to establish the exact legal description of the property to be conveyed.
A month later appellee contacted appellant's representative by letter, concerning the survey of the property to be conveyed. The letter states in relevant part:
... please be advised that the survey should reflect a line from Pat Brown Road at the gate located across the road from Dorothy's property line (where excavation has begun) to the old dead tree south of the pond, then to the brush pile in the center of the pond, then across the pond to a point on the far Northwest corner where (N35[degrees] ' E 194 Feet and N76[degrees] 16" E 188.2 Feet) meet. If you and the others decide to use these new measurements the price for any additional acres not originally agreed to will be $3000.00 an acre. You have the option of having the line drawn to the East of the excavation and run down the fence line to the cross fence then to the brush pile and then to the willow tree as was originally agreed. My desire is to not deed Nell or Dana more than 8 acres as that is what was represented to me when we made the deal. We will not really know how many acres are involved until the survey is complete and the calculations are made, I wanted to put you on notice of my intent to maximize my return on my investment.
On August 14, 1990, appellant filed a complaint for specific performance of the contract to sell and purchase real property. Attached to the complaint were a copy of the contract, and several descriptions of the property to be conveyed. Appellee filed an answer and amended answer, denying that the contract contained a precise legal description and adding a request for attorney's fees and costs.
Ricky Sears of True North Surveying Services, Inc., surveyed the property on behalf of appellant. The first survey, dated June 4, 1990, indicated that the proposed sale involved 5.95 acres. Appellee did not accept this legal description, contending it was not what he agreed to convey. Appellee obtained a second survey prepared by Ricky Sears, the surveyor who prepared the first survey for appellant. This survey, dated June 19, 1990, reflects 5.40 acres. Appellee maintained this second survey contained the legal description contemplated by the parties pursuant to the contract. Appellant rejected the legal description on the second survey, and had Ricky Sears do a third legal description.
At the bench trial, surveyor Sears testified that based on the contract, he was uncertain about a line using "willow tree to left on west bank," because there were several willow trees. Sears asked the son of a former owner to identify the specified willow tree. During the course of Sears' testimony, the trial court asked:
Q... . If you consider the contract and the drawing together without anybody on *256 the land to help you, would you be able to consider them together and draw an accurate survey based upon the legal description using the points in the contract and the drawing that was attached to the contract? Or is there still going to be vagueness in the description?
A. I believe there would still be some vagueness.
Q. In what ... respect?
A. You could follow the contract as far as going from the north side  or to the east side of the dirt excavation  well, how far do you go to the east side of the dirt excavation? You could probably set a point within a several foot area.
The stump pile is clearly identified in the lake because it's the only thing in the lake. The stump pile is not on the drawing that I see.
On September 4, 1992, the trial court issued its final judgment. The court ruled that the legal description in the contract was insufficient to allow a surveyor to locate and establish boundaries on the land, and further ruled that appellee was entitled to recover costs, including attorney's fees, as the prevailing party. Appellant filed a motion for rehearing or reconsideration, alleging the trial court erred in failing to consider Exhibit 5, the letter from appellee dated October 31, 1989, as extrinsic evidence, and further alleging that if rehearing were denied, the contract would be considered null and void  and attorney's fees cannot be awarded in such case. The trial court denied rehearing.
A trial court's judgments are entitled to a presumption of correctness, particularly where the evidence is conflicting and there is substantial evidence to support the trial court's findings and conclusions. Mogee v. Haller, 222 So.2d 468, 470 (Fla. 1st DCA 1969). Such findings will not be disturbed in the absence of a clear showing that the trial court committed error or the evidence demonstrates the judge's conclusions were clearly erroneous. Id.
Fundamental to a grant of specific performance of a contract for purchase and sale of real property is "whether a surveyor with the deed before him and with or without the aid of extrinsic evidence can locate the land and establish the boundaries." Mogee v. Haller, 222 So.2d at 469. See also Whaley v. Wotring, 225 So.2d 177, 180 (Fla. 1st DCA 1969). 23 Am.Jur.2d 269, Deeds, § 226. The decision whether to decree specific performance of a contract to convey real property is a matter of judicial discretion; enforcement is not a matter of course. Jacobs et al. v. Berlin, 158 Fla. 259, 28 So.2d 539, 540 (1946). See also Rybovich Boat Works, Inc. v. Atkins, 585 So.2d 270, 272 (Fla. 1991) ("[T]he remedy of specific performance is not a matter of right.")
In Bajrangi v. Magnethel Enterprises, Inc., 589 So.2d 416 (Fla. 5th DCA 1991), the court held that it is permissible to consider parol evidence with respect to a description of real property, so long as the instrument itself shows that the parties were contemplating a particular piece of property, rather than an unspecified piece of property or alternative descriptions of property to be obtained later. The court noted the modern view is to find the description sufficient if the reference to the property in the deed [or contract] is such that the court is able to identify the particular property to the exclusion of all other property, by pursuing an inquiry based upon the words of reference. In an earlier case, the third DCA took a more stringent view. Venema v. Tost, 424 So.2d 786, 787 (Fla. 3d DCA 1982). In Venema, the court reversed a grant of specific performance, because the contract upon which enforcement was sought did not sufficiently describe the real property in question. The court held it is error to use parol evidence to remove a patent ambiguity with respect to a legal description. Id.
The contract at issue in this case was signed by both parties on September 29, 1989; it provided for a survey of the property, and a closing date of June 30, 1990. At the hearing, the trial court ascertained from the surveyor that he was unable to determine all the reference points in the description set forth in the agreement, even with reference to the attached drawing. Indeed, appellant acknowledges in her brief that the call which she insists provides a basis for a sufficient legal description was not the call contemplated *257 in the original agreement. Instead, it was provided as a reference point in a letter from appellee to appellant dated October 31, 1989. This letter, which was written and delivered before either party obtained a survey of the property, could be construed as a retraction of the initial offer and a counter-proposal, before a complete assent was given. The fact that the surveyor performed three surveys, each of which varied the boundary lines of the property at issue, constitutes substantial evidence to support the trial court's finding that even considering the description in the contract for sale, attached drawing, and extrinsic evidence, the description was insufficient to permit a surveyor to establish the boundaries of the property.
Appellant has not shown that the trial court abused its discretion in denying specific performance of the written agreement signed by the parties on September 29, 1989. However, prevailing party attorney's fees are precluded in those instances where the court finds a contract never existed, because there was no meeting of the minds. David v. Richman, 568 So.2d 922, 924 (Fla. 1990); Gibson v. Courtois, 539 So.2d 459, 460 (Fla. 1989).
In David v. Richman, the attorney's fee dispute arose in connection with an action for specific performance of a contract for sale and purchase of a townhouse. The contract contained a provision for attorney's fees in connection with any litigation arising out of the contract. The trial court found (1) the financial provisions of the contract were ambiguous, (2) there had been no meeting of the minds as to the material elements of the contract, and (3) the plaintiff did not have the financial ability to close on the date specified in the contract. An award of attorney's fees was denied, based on the court's finding that a contract did not exist because there was no meeting of the minds. The supreme court agreed, noting the distinction between a case with a non-existent contract, and one in which a valid contract was later found to be unenforceable. See Katz v. Van Der Noord, 546 So.2d 1047, 1049 (Fla. 1989). In Katz, the court held that "when parties enter into a contract and litigation later ensues over that contract, attorney's fees may be recovered under a prevailing-party attorney's fee provision contained therein even though the contract is rescinded or held to be unenforceable." 546 So.2d at 1049.
We conclude that this case falls within the ambit of a non-existent, rather than an unenforceable contract. The contract contemplated a survey, but before a survey was obtained, the seller implicitly withdrew the original proposal and extended the counterproposal of October 31, 1989. It appears there was never a meeting of the minds with regard to the amount of property to be conveyed, or the boundary lines of the property. Appellee concedes that if specific performance is denied, a valid contract never existed.
Accordingly, the final judgment denying specific performance is affirmed. The reservation of jurisdiction to determine the amount of an attorney's fee is reversed, and this cause is remanded for a determination of costs to be awarded to appellee.
MINER and KAHN, JJ., concur.