PER CURIAM.
Didier Desvigne (“Mr.Desvigne”) appeals from a Final Judgment entered in favor of Downtown Towing Company (“Downtown Towing”), contending that Downtown Towing and/or its counsel failed to make a good faith effort to notify Des-vigne or his counsel of the vehicle auction date, despite the ongoing communications between counsel for both parties. We agree with Mr. Desvigne and reverse.
On January 16, 2001, Mr. Desvigne was arrested for reckless driving. As a result of this arrest, his vehicle, a 1997, 993 Porsche, was towed to Downtown Towing. The following day, Mr. Desvigne went to pick up the vehicle at Downtown Towing. Downtown Towing refused to release the Porsche, alleging that Mr. Desvigne failed to provide sufficient documentation of ownership of the vehicle because he did not provide a Florida registration for the Porsche. Desvigne was advised to contact Downtown Towing’s attorney. As a result, Desvigne contacted his attorney who then telephoned Downtown Towing’s attorney in an effort to obtain release of the Porsche.
Downtown Towing and Desvigne’s attorneys corresponded several times regarding *542 the Porsche between January 19, 2001 and February 28, 2001, the date the Porsche was auctioned. Among the correspondence, Desvigne’s counsel submitted evidence that Desvigne purchased the Porsche in France from Daytona Automobiles. Downtown Towing’s counsel never indicated to Desvigne’s counsel that the Porsche would be auctioned on February 28, 2001. The Porsche was auctioned for $1,300.00. Desvigne contends that the value of the Porsche is $80,000-85,000. As a result of the auction, Desvigne sued Downtown Towing for compensatory and punitive damages for conversion of the Porsche. After a non-jury trial, the court entered judgment in favor of Downtown Towing and ordered Desvigne to pay attorneys fees and costs.
A trial court’s findings of fact and conclusions of law come to this court with a presumption of correctness and will not be disturbed unless totally unsupported by competent substantial, evidence. Hull v. Miami Shores Village, 435 So.2d 868 (Fla. 3d DCA 1983); Laufer v. Norma Fashions, Inc., 418 So.2d 437 (Fla. 3d DCA 1982). However, where the court’s decision is manifestly against the weight of the evidence, or unsupported by competent substantial evidence, it becomes this Court’s duty to reverse. Randy Int’l Ltd. v. Am. Excess Corp., 501 So.2d 667, 670 (Fla. 3d DCA 1987); Design Eng’g Corp. of Am. v. Pan Aviation, Inc., 448 So.2d 1112 (Fla. 3d DCA 1984); Hull v. Miami Shores Village, 435 So.2d 868.
In the instant case, the trial court’s findings and conclusion of law are not supported by the evidence, where the Record unequivocally reflects that Mr. Desvigne is the owner of the vehicle. First, it is undisputed that the only individual who came forward to claim the vehicle was Mr. Des-vigne. Additionally, Mr. Desvigne provided documentation that he was the owner of the vehicle. More importantly, the Record reflects that Downtown Towing was corresponding with Mr. Desvigne’s attorneys about Mr. Desvigne’s ownership of the vehicle, even on the date of the auction, and that on several occasions Mr. Desvigne offered to pay the storage fees. Accordingly, the Final Judgment is reversed with directions that judgment be entered in favor of Mr. Desvigne and that either, the vehicle be returned to Mr. Desvigne, plus compensation for the depreciation value of the vehicle and for any damages that resulted from the storage or towing of the vehicle; or that damages be awarded to Mr. Desvigne for the value of the car on the date the vehicle was sold, plus any other costs, fees, or damages the trial court deems are warranted.
Reversed and remanded with directions.