417 So.2d 1077 (1982)
Robert C. ALLIE and Rosemary Allie, Appellants,
v.
Fred IONATA, et Ux., et al., Appellees.
No. 81-1555.
District Court of Appeal of Florida, Fifth District.
August 4, 1982.
Rehearing Denied August 26, 1982.
Walter A. Ketcham, Jr. of Walker, Buckmaster, Miller & Ketcham, P.A., Orlando, for appellants.
Gordon H. Harris and Herbert M. Hill of Gray, Harris & Robinson, P.A., Orlando, for appellees.
COBB, Judge.
The issue in this case concerns the applicability of the four-year statute of limitations found in section 95.11(3)(l),[1] Florida Statutes, pertaining to rescission, to the facts in this case, wherein a trial jury found that there was no fraud. We hold that the trial court was in error, and reverse.
The appellant, Robert C. Allie, a defendant below, was the accountant for Dr. and Mrs. Fred Ionata and Fred Ionata, P.A., plaintiffs below, for approximately twelve years. Sometime prior to 1975 Allie suggested that the Ionatas invest in raw land as a tax shelter, and suggested that they buy some land that he and his family owned in North Carolina and Tennessee. Allie also recommended on several occasions that Dr. Ionata consult others before deciding what to purchase. The Ionatas eventually purchased five parcels of land from Allie. This appeal concerns only the first two purchases, Tract No. 1 in North Carolina, on which a contract was executed on January 1, 1975, and Tract No. 2 in Tennessee, on *1078 which a contract was executed on July 2, 1976.
In the summer of 1980, Ionata began going to another accountant, who informed him that the prices paid for Allie's land were severely overinflated. Acting on this information, the Ionatas filed a complaint in November, 1980, seeking either rescission of the contracts or damages. The complaint had counts against Allie for breach of fiduciary duty, common law fraud and malpractice. The defendants raised the statute of limitations as an affirmative defense in an amended answer. The case proceeded to trial on the causes of action outlined, with the jury entering a special interrogatory verdict. No motions were made for a summary judgment prior to the verdict on the issue of the statute of limitations, since it was up to the jury to first determine the fraud issue. The jury's verdict found that a fiduciary relationship did exist, that it had been breached, and that Allie did commit malpractice. However, the jury found no fraud committed by the defendant Allie in his dealings with the Ionatas.
Following this verdict, the defendants moved for a judgment notwithstanding the verdict, new trial, and summary judgment, seeking to apply the statute of limitations for rescission (four years) to the action. These motions were denied by the trial court, thus upholding the court's prior final judgment in favor of the plaintiff. This appeal ensued.
The appellants contend that the Ionatas had to bring suit within four years from the time when the last element constituting the cause of action occurred, which was the execution of the contract. See § 95.031, Florida Statutes. Therefore, both claims would have been barred by November, 1980, the date the action was filed. On the other hand, the appellees contend that section 95.11(3)(j), as modified by section 95.031(2), applies so that the four-year period did not begin to run until the "constructive fraud" (breach of a fiduciary duty) was discovered by the Ionatas, which occurred when they were told by their new accountant that the lands were overpriced.
Given the jury finding that there was no fraud, the appellees argue that breach of a fiduciary duty is a cause of action separate from fraud or rescission (thereby attempting to escape the consequences of section 95.11[3][j] and [l] and section 95.031), and that it is also a "constructive fraud" (thereby attempting to gain the benefit of section 95.031[2]). This chameleon approach to the characterization of fraud in an attempt to evade the applicable statute of limitations subverts the clear jury verdict negating fraud.
The evidence is clear and uncontroverted that the Ionatas knew the properties belonged to Allie prior to purchase, that they never asked him what he had paid for them, that they never looked at the properties or had them appraised, that they were advised by Allie to consult an attorney before purchase, and that they felt no obligation to buy the properties. There is no evidence in the record that Allie at any time, before or after purchase, did anything to prevent the Ionatas from ascertaining the fair market value of the properties. Apparently, the breach of fiduciary relationship resulted from the fact that Allie sold the properties to the Ionatas without disclosing to them what he had paid for them. If so, this breach occurred at the time the contracts were entered.
Another argument advanced by appellees is that no cause of action could be brought by them until after termination of their professional relationship with Allie and their employment of another accountant, since that relationship itself constituted a continuing concealment of their cause of action. Fraudulent concealment can toll the running of a statute of limitations when it can be shown that the fraud has been perpetrated upon the injured party so as to place him in ignorance of his right to sue. Nardone v. Reynolds, 333 So.2d 25 (Fla. 1976); Alford v. Summerlin, 362 So.2d 103 (Fla. 1st DCA 1978); Buck v. Mouradian, 100 So.2d 70 (Fla. 3d DCA 1958), cert. denied, 104 So.2d 592 (Fla. 1958). This argument has two fundamental flaws in the instant case: (1) fraudulent concealment is *1079 a form of fraud, and the jury found that fraud was not committed; (2) the uncontroverted evidence was that the Ionatas, after purchase of the lands, had at least an equal opportunity to discover their true value. Robson Link & Co. v. Leedy Wheeler & Co., 154 Fla. 596, 18 So.2d 523 (1944); Hirschman v. Hodges, O'Hara & Russell Co., 59 Fla. 517, 51 So. 550 (1910).
As we see it, the four-year statute governing a rescission action is applicable, and it cannot be extended by the fraud exception in Chapter 95 because of the jury's factual determination that there was no fraud. Accordingly, we hold that the trial court erroneously denied the appellants' motion for a judgment in accordance with the motion for a directed verdict pursuant to Florida Rule of Civil Procedure 1.480(b). We reverse the judgment and remand for entry of judgment for the appellants, defendants below, in regard to the properties herein concerned.
REVERSED and REMANDED.
DAUKSCH and COWART, JJ., concur.
NOTES
[1] Section 95.11 reads in part as follows:

Actions other than for recovery of real property shall be commenced as follows:
(3) WITHIN FOUR YEARS
(j) A legal or equitable action founded on fraud.
(l) An action to rescind a contract.