503 So.2d 1237 (1987)
Robert C. ALLIE and Rosemary Allie, Petitioners,
v.
Fred IONATA, et ux., et al., Respondents.
No. 66818.
Supreme Court of Florida.
January 5, 1987.
Rehearings Denied April 13, 1987.
*1238 Walter A. Ketcham, Jr. of Walker, Miller and Ketcham, P.A., Orlando, for petitioners.
Gordon H. Harris and G. Robertson Dilg of Gray, Harris and Robinson, P.A., Orlando, for respondents.
BARKETT, Justice.
This cause is before the Court on petition to review the holding in Allie v. Ionata, 466 So.2d 1108 (Fla. 5th DCA 1985), in which the Fifth District acknowledged direct conflict with Cherney v. Moody, 413 So.2d 866 (Fla. 1st DCA 1982), and certified to this Court a question of great public importance. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
In the late 1970s, respondent Ionata purchased several parcels of land from petitioner Allie. At the time of the purchases, Allie served as Ionata's accountant and financial *1239 adviser and recommended the purchase as a tax shelter for Ionata's income. Several years later, after consulting with a second accountant, Ionata discovered that Allie had sold the tracts at severely over-inflated prices. Ionata then stopped making payments on the contracts and sued for restitution and rescission, alleging fraud and breach of a fiduciary duty. In response, Allie pled the relevant statute of limitations[1] as an affirmative defense and counterclaimed for the unpaid balance on the notes for two of the tracts.
The trial court held Allie's counterclaim in abeyance and submitted Ionata's claim for rescission to the jury. The jury determined that although Allie was not guilty of actual fraud, he had nonetheless breached his fiduciary duty to Ionata. Upon this verdict, the trial judge entered judgment in favor of Ionata and denied Allie's counterclaim. On appeal, the Fifth District held that Ionata's action as to two of the contracts (Parcels 1 and 2) was barred by the statute of limitations, and reversed and remanded for entry of judgment for Allie. See Allie v. Ionata, 417 So.2d 1077 (Fla. 5th DCA), review denied, 424 So.2d 761 (Fla. 1982) (hereinafter Allie I).
After remand, Allie revived his pending counterclaim for the balance due on the two tracts in question. In response, Ionata interposed Allie's fiduciary breach and pled recoupment as a defense, requesting restitution and rescission of the contracts. The trial court granted Ionata's motion for a summary final judgment on his (now) defensive claim of recoupment which included affirmative relief. On the second appeal, after rehearing, the district court reversed in part, limiting Ionata's recovery to the amount claimed by Allie. Allie, 466 So.2d at 1113 (hereinafter Allie II). Recognizing the conflict with Cherney, the district court certified to this Court the following question:
Does the running of the statute of limitation on an independent cause of action bar the recovery of an affirmative judgment in recoupment on a compulsory counterclaim?
Id.
It is well established that the defense of recoupment may be asserted even though the underlying claim is barred by the applicable statute of limitations as an independent cause of action. Payne v. Nicholson, 100 Fla. 1459, 131 So. 324, 326 (1930). See also Beekner v. L.P. Kaufman, Inc., 145 Fla. 152, 198 So. 794 (1940) (upholding the right to raise the defense of usury when a lender sues on a usury-infected contract even though the claim of usury as an affirmative cause of action would have been barred by the statute of limitations). The court below recognized this principle when it held that "a party otherwise barred from instituting an action because of a time limitation is freed from that bar when he acts in a defensive posture." Allie II, 466 So.2d at 1111. Moreover, in Florida, a plea in recoupment may be used to obtain affirmative relief. See Jacksonville Paper Co. v. Smith & Winchester Mfg. Co., 147 Fla. 311, 2 So.2d 890 (1941). The question is whether these two concepts should be merged in a rule which permits the recovery of an affirmative judgment in recoupment when the statute of limitations would bar the desired relief as an independent cause of action. We are persuaded, as was the court in Cherney, that "the intent of the present rules [of civil procedure] will be best served by holding that a compulsory counterclaim in recoupment permits the recovery of an affirmative judgment even though barred as an independent cause of action by the running of the statute of limitations." 413 So.2d at 869. We adopt the analysis of Justice Shaw in Cherney delineating the history of the plea of recoupment which culminated in the current Florida Rule of Civil Procedure 1.170.
We are further persuaded by consideration of the purposes of statutes of limitation. The expiration of a statute of limitation does not resolve the underlying merits *1240 of the consequently barred claim in favor of either party; it merely cuts off the remedy of the party who has slept on his rights. See Hoagland v. Railway Express Agency, 75 So.2d 822, 827 (Fla. 1954). See also Osmundsen v. Todd Pacific Shipyard, 755 F.2d 730, 733 (9th Cir.1985); McClure v. Middletown Hospital Ass'n, 603 F. Supp. 1365, 1369 (S.D.Ohio 1985). Limitation statutes are designed as shields to protect defendants against unreasonable delays in filing law suits and to prevent unexpected enforcement of stale claims. Nardone v. Reynolds, 333 So.2d 25, 36 (Fla. 1976); Foremost Properties, Inc. v. Gladman, 100 So.2d 669, 672 (Fla. 1st DCA 1958). In Nardone, we explained that statutes of limitation
afford parties needed protection against the necessity of defending claims which, because of their antiquity, would place the defendant at a grave disadvantage. In such cases how resolutely unfair it would be to award one who has willfully or carelessly slept on his legal rights an opportunity to enforce an unfresh claim against a party who is left to shield himself from liability with nothing more than tattered or faded memories, misplaced or discarded records, and missing or deceased witnesses.

333 So.2d at 36 (emphasis in original).
Such statutes protect defendants against claims asserted when all proper vouchers and evidence are lost and after the facts have become obscure from the lapse of time, defective memory or death and removal of witnesses. Whaley v. Wotring, 225 So.2d 177, 181 (Fla. 1st DCA 1969). It is the recognition of the inapplicability of these purposes which has led courts to develop the rule that one may raise as a defense a claim which would otherwise be barred by the statute of limitations. See Beekner v. L.P. Kaufman, Inc.; Payne v. Nicholson. A party who seeks affirmative relief, whether through an original complaint or a counterclaim, effectively asserts that he is prepared to prosecute all aspects of that matter. Having sufficient knowledge of the facts to support a complaint and sufficient evidence to prosecute that complaint, he must be prepared to defend against any affirmative defenses arising therefrom. Thus, once a party files an affirmative action, he cannot thereafter profess to be surprised by or prejudiced by affirmative defenses or compulsory counterclaims that stem from that action. The same rationale which permits the defense of recoupment at all on a claim which would be barred by the statute of limitations supports the recovery of affirmative relief. We can perceive no logical reason to prohibit an affirmative judgment in such circumstances.
Accordingly, we answer the certified question in the negative. This answer, however, does not resolve the unique fact situation presented in this case. The bar to affirmative relief for Ionata lies not in the passage of the statute of limitations but in the existence in this case of the amended final judgment against Ionata on the same claim he is now asserting in recoupment. A final judgment is one that determines the rights of the parties and disposes of the case on its merits, leaving nothing more to be done in the cause except execution. Although a final judgment for Ionata was originally entered on the jury's verdict, this final judgment was appealed and reversed in Allie I. Without any objection, the trial court then entered an amended final judgment for Allie and against Ionata on Ionata's claim. This final judgment was never appealed. Nor did Ionata seek to defer entry of the judgment on this issue until the resolution of Allie's counterclaim and Ionata's recoupment claim. Ionata now attacks the finality of this judgment by arguing that the doctrine of res judicata is not applicable because the judgment did not dispose of the cause on its merits, but merely determined that the action was barred by the statute of limitations. In support of this argument, Ionata first appeals to the general rule that statutes of limitation are rules of procedure. See, e.g., Martin v. United States, 436 F. Supp. 535, 536-37 (S.D.Cal. 1977); Strauss v. Sillin, 393 So.2d 1205, 1206 (Fla. 2d DCA 1981). Ionata next draws attention to the generally recognized principle that, because limitation statutes are procedural in character, their expiration does not affect the *1241 underlying substantive rights of the parties involved. See Piazza Properties, Ltd. v. State Department of Motor Vehicles, 71 Cal. App.3d 622, 628, 138 Cal. Rptr. 357, 360 (1977). See also Henry v. Halifax Hospital District, 368 So.2d 432, 433 (Fla. 1st DCA 1979). It necessarily follows from these two principles, Ionata contends, that a judgment dismissing a claim as barred by a statute of limitation determines procedural matters only, and cannot be deemed an adjudication on the merits. We are compelled both by public policy considerations and the overwhelming weight of authority to disagree.
Under the early common law, a dismissal on the basis of a limitations statute was not always regarded as a determination on the merits for res judicata purposes. See 1B J. Moore, Moore's Federal Practice ¶ 0.409[6] (2d ed. 1984). The common law rule underwent a substantial change, however, with the adoption of Federal Rule of Civil Procedure 41(b). The last sentence of that rule states that a dismissal not specifically exempted in the rule operates as an adjudication on the merits unless the judgment otherwise specifies.[2] The rule does not exempt dismissals based on expiration of the statute of limitations. Under the federal scheme, therefore, a dismissal on statute of limitations grounds is considered a dismissal on the merits by operation of the rule.
Since the rule's adoption, federal courts have conclusively treated judgments dismissing claims as barred by limitation statutes as decisions on the merits for res judicata purposes. In Salveson v. Western States Bankcard Ass'n, 525 F. Supp. 566, 582 (N.D.Cal. 1981), affirmed in part, reversed in part, 731 F.2d 1423 (9th Cir.1984), for example, the court held that "[a] judgment dismissing a complaint for failure to state a claim because of the statute of limitations ... is a final judgment on the merits." A somewhat less-abbreviated explanation of the principle can be found in Creech v. Town of Walkerton, 472 N.E.2d 226, 228 (Ind. App. 1984):
We believe the following to be a most comprehensive explanation of what constitutes a judgment on the merits:
"A judgment on the merits precluding the relitigation of the same cause of action is one based on the legal rights and liabilities of the parties, as distinguished from one based on technical or dilatory objections or contentions, or on mere matters of form or of practice or procedure."
46 Am.Jur.2d, Judgments § 478 (1969) (footnotes omitted). An adjudication based upon the running of a statute of limitation, as a bar to further action, is just such a judgment on the merits. PRC Harris, Inc. v. Boeing Co. (2d Cir.), 700 F.2d 894, cert. denied, (1983), 464 U.S. 936, 104 S.Ct. 344, 78 L.Ed.2d 311, ("[A] dismissal for failure to comply with the statute of limitations will operate as an adjudication on the merits, unless it is specifically stated to be without prejudice." Id. at 896); Nathan v. Rowan (6th Cir.1981), 651 F.2d 1223 ("A summary judgment on the basis of the defense of the statute of limitations is a judgment on the merits." Id. at 1226); Wachovia Bank & Trust Co., N.A. v. Randell (S.D.N.Y. 1979), 485 F. Supp. 39; Smith v. Russell Sage College (1981), 54 N.Y.2d 185, 445 N.Y.S.2d 68, 429 N.E.2d 746; LaBarbera v. Batsch (1967), 10 Ohio St.2d 106, 227 N.E.2d 55 ("[A] dismissal on the ground that an action is barred by the statute of limitations is a determination on the merits." Id. 227 N.E.2d at 63); see generally Ind.Rules of Procedure, Trial Rule 41(B).[3]
*1242 See also Ellingson v. Burlington Northern, Inc., 653 F.2d 1327, 1330, n. 3 (9th Cir.1981) (citing Mathis v. Laird, 457 F.2d 926, 927 (5th Cir.), cert. denied, 409 U.S. 871, 93 S.Ct. 201, 34 L.Ed.2d 122 (1972)); Williamson v. Columbia Gas & Electric Corp., 186 F.2d 464 (3d Cir.1950), cert. denied, 341 U.S. 921, 71 S.Ct. 743, 95 L.Ed. 1355 (1951).
In Florida, our state counterpart to Federal Rule 41(b) is Florida Rule of Civil Procedure 1.420(b), which provides in part:
Involuntary Dismissal. Any party may move for dismissal of an action or of any claim against him for failure of an adverse party to comply with these rules or any order of court... . Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for improper venue or for lack of an indispensable party, operates as an adjudication on the merits. (Emphasis added.)
The language of Rule 1.420(b) is unambiguous. Unless otherwise specifically exempted, a dismissal constitutes an adjudication on the merits.[4] A dismissal of a claim as time barred clearly falls within the rule's ambit, thus making it an adjudication on the merits.
Given the construction of Federal Rule 41(b) in the federal courts, and in light of the unambiguous language of our Rule 1.420(b), we are compelled to hold that dismissals based on limitation statutes are adjudications on the merits for res judicata purposes. We conclude, therefore, that the judgment finalized in Allie I was just such a determination on the merits.
We note that but for the final judgment in Allie's favor upon the remand of Allie I, the rule of Cherney would have entitled Ionata to an affirmative judgment on his recoupment claim in spite of the bar of the statute of limitations. To the extent that the Fifth District holds otherwise, we disapprove the decision below. Because of the existence of the final judgment adversely dismissing Ionata's affirmative claim, however, he is limited in recoupment to the amounts now claimed by Allie as balance due. We therefore approve the result below.
It is so ordered.
ADKINS, OVERTON and SHAW, JJ., concur.
McDONALD, C.J., concurs in result only with opinion.
EHRLICH, J., concurs in part and dissents in part with opinion with which BOYD, J., concurs.
BOYD, J., dissents with opinion.
McDONALD, Chief Justice, concurring in result only.
The opinion of the district court of appeal is correct. One can raise a limitation-barred claim as a defense up to the amount claimed by the opposing party but cannot obtain affirmative relief above that.
The effect of a prior judgment between the parties is not discussed in the opinion of the district court and need not be discussed by us if we approve the correctly stated rationale of the district court. Since the majority opinion addresses it, however, I conclude that Justice Ehrlich is correct in his discussion of the effect of a final judgment. When the parties are the same, a final judgment is indeed res judicata on all issues raised by these parties.
I therefore concur only in the result reached by Justice Barkett's opinion and would approve the opinion of the district court.
EHRLICH, Justice, concurring in part and dissenting in part.
I concur with the Court's opinion up to its penultimate paragraph and I dissent from the latter and the Court's decision.
The Court holds that Allie's judgment is a final adjudication of the merits and bars Ionata's claim for affirmative relief but *1243 does not bar his claim up to the amount claimed by Allie in his suit.
I am of the view that a final judgment is just that, FINAL, and final for all purposes. The Court's scholarly opinion traces the development of the rule and concludes that "dismissals based on limitation statutes are adjudications on the merits for res adjudicata purposes" and "that the judgment finalized in Allie I was just such a determination on the merits" but then abruptly turns one hundred and eighty degrees and says, in effect, that Allie's final judgment is really only half final, that is, it bars an affirmative judgment, but does not bar recovery up to the amount claimed by Allie. This is a new concept with respect to the finality of final judgments and it is indeed unfortunate that the majority does not explain its reasoning in support of its holding that a final judgment is res judicata as to a portion of a claim but not to the remainder of the claim. I am of the opinion that the final judgment in Allie's favor in Allie I bars Ionata's claim for any amount whatsoever in setoff against the balance due claimed by Allie.
BOYD, J., concurs.
BOYD, Justice, dissenting.
I dissent and would hold that under the facts of this case, the action for rescission and cancellation, which was untimely brought and therefore barred by the statute of limitations, could not be revived as a claim in recoupment, asserted as a "counter-counterclaim" to the petitioner's counterclaim for payment of amounts due under the notes.
I find that the cases on defensively filed claims in recoupment, under which certain claims can be asserted that would be time-barred as affirmative causes of action, are distinguishable and not applicable to this case. Under the facts presented here I would hold that the expiration of the statute of limitations cut off the viability of the respondent's claims. The final judgment holding the claims to be time-barred reinforces the fact of nonviability and served to nail the coffin shut on these dead claims. They cannot be revived in whole or in part.
There was no active fraud in this case that would have prevented the purchasers from discovering the facts giving rise to their cause of action. Thus there is no occasion for treating this case under the general tort rule that the statute of limitations does not begin to run until the injury is discovered. I find very persuasive the observations the district court made when the case first appeared before it on appeal:
The evidence is clear and uncontroverted that the Ionatas knew the properties belonged to Allie prior to purchase, that they never asked him what he had paid for them, that they never looked at the properties or had them appraised, that they were advised by Allie to consult an attorney before purchase, and that they felt no obligation to buy the properties. There is no evidence in the record that Allie at any time, before or after purchase, did anything to prevent the Ionatas from ascertaining the fair market value of the properties. Apparently, the breach of fiduciary relationship resulted from the fact that Allie sold the properties to the Ionatas without disclosing to them what he had paid for them. If so, this breach occurred at the time the contracts were entered.
Allie v. Ionata, 417 So.2d 1077, 1078 (Fla. 5th DCA), review denied, 424 So.2d 761 (Fla. 1982).
The policies underlying statutes of limitation are no less forcefully applicable to defensively asserted claims under the facts of this case than to affirmative claims.
The cause of action for cancellation and rescission was time-barred when filed and simply cannot be revived.
NOTES
[1] Section 95.11(3)(l), Florida Statutes (1979), set forth a four-year limitation on suits brought to rescind contracts.
[2] Rule 41(b) provides, in part:

Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.
[3] As can be seen from the cited cases, a number of state courts have followed the lead of the federal courts on this issue. This is a result of the widespread adoption of state counterparts to Federal Rule 41(b).
[4] In the case at bar, the prior final judgment dismissed Ionata's claim without specifying that it was either without prejudice or not an adjudication on the merits.