561 So.2d 594 (1990)
Randall W. ATKINS, As Trustee, Petitioner,
v.
RYBOVICH BOAT WORKS, INC. and Robert C. Fisher, Respondents.
No. 89-2194.
District Court of Appeal of Florida, Fourth District.
March 14, 1990.
On Rehearing May 9, 1990.
Alberto A. Macia of Shea & Gould, Miami, for petitioner.
Patti A. Velasquez of Honigman, Miller, Schwartz and Cohn, West Palm Beach, for respondents.
PER CURIAM.
Randall W. Atkins, as trustee, petitions the court to grant its writ of certiorari and quash an order of the trial court granting partial summary judgment against him. While this is not an appealable order, see Gassner v. Caduceus Self Ins. Fund, Inc., 532 So.2d 1133 (Fla. 4th DCA 1988), in its summary judgment the trial court held that a count for specific performance of a real estate contract in petitioner's counterclaim against respondent Rybovich Boat Works, Inc. was barred by the statute of limitations. The trial court further quieted title to the subject property in respondents. The issue presented is whether the running of the statute of limitations on an independent cause of action for specific performance bars its maintenance as a compulsory counterclaim when defendant is sued for damages. We hold that under Allie v. Ionata, *595 503 So.2d 1237 (Fla. 1987), it does not. Because the trial court departed from the essential requirements of law and the subject property can now be freely disposed of prior to plenary review, thus evading an adequate remedy on appeal, the jurisdictional requirements of common law certiorari have been met. Hallmark Manufacturing Inc. v. Lujack Const. Co., Inc., 372 So.2d 520 (Fla. 4th DCA 1979).
In Allie v. Ionata, the supreme court held that the running of the statute of limitations on an independent cause of action does not bar the recovery of an affirmative judgment in recoupment on a compulsory counterclaim. The defendant in Allie had counterclaimed for rescission and restitution of monies paid on a contract. Part of the court's holding upheld the right of defendant to bring a compulsory counterclaim requesting the equitable relief of rescission and restitution even though the equitable claims would have been barred by the statute of limitations had they been brought as independent actions.
The certified question in Allie asked whether a defendant could recover an affirmative judgment "in recoupment." Recoupment is a defense, or, as in Allie, an affirmative claim, which the pleader sets up to reduce the plaintiff's damages by recouping his own damages that are alleged to have arisen by reason of plaintiff's breach. Marianna Lime Products Co. v. McKay, 109 Fla. 275, 281, 147 So. 264, 266 (1933); see also National Cash Register Co. v. Joseph, 299 N.Y. 200, 86 N.E.2d 561 (1949); Howard Johnson, Inc. v. Tucker, 157 F.2d 959, 961 (5th Cir.1946).
A specific performance claim is not similar to a claim in recoupment. Nevertheless, the supreme court's opinion is broad enough to permit the filing of any claim for affirmative relief, regardless of its nature, as a compulsory counterclaim even though the same may be time-barred. Although our research has not revealed any similar case in this jurisdiction or anywhere in the country where a time barred claim for specific performance has been allowed as a compulsory counterclaim on the legal theory of recoupment, the supreme court stated in Allie:
A party who seeks affirmative relief, whether through an original complaint or a counterclaim, effectively asserts that he is prepared to prosecute all aspects of that matter. Having sufficient knowledge of the facts to support a complaint and sufficient evidence to prosecute that complaint, he must be prepared to defend against any affirmative defenses arising therefrom. Thus, once a party files an affirmative action, he cannot thereafter profess to be surprised by or prejudiced by affirmative defenses or compulsory counterclaims that stem from that action. The same rationale which permits the defense of recoupment at all on a claim which would be barred by the statute of limitations supports the recovery of affirmative relief. We can perceive no logical reason to prohibit an affirmative judgment in such circumstances.
Allie, 503 So.2d at 1240 (emphasis supplied).
Based upon Allie we grant the petition for certiorari and quash the summary judgment granted by the trial court.
WARNER and POLEN, JJ., concur.
STONE, J., dissents with opinion.
STONE, Judge, dissenting.
I would deny certiorari. In my judgment, the issue is remediable by direct appeal. Additionally, I cannot and would not make the leap from recognition of a right to assert a time barred counterclaim in recoupment to allowing a similarly barred counterclaim for specific performance.

ON REHEARING
PER CURIAM.
We are sympathetic to respondent's legal arguments and, but for Allie v. Ionata, 503 So.2d 1237 (Fla. 1987), might have adopted them. However, we are constrained by what we perceive the Allie holding to be. We deny the motion for rehearing but certify the following question to the supreme *596 court pursuant to Rule 9.330(a), Florida Rules of Civil Procedure, as a question of great public importance.
Does the holding of Allie v. Ionata permit the maintenance of a time barred claim for specific performance when it is filed as a compulsory counterclaim?
STONE, WARNER and POLEN, JJ., concur.