Carlos A. MARULANDA, Edgar A. Marulanda, and Alicia Marulanda, Appellants,

v.

Ramiro MARRERO, Appellee.

No. 92–2398–CIV.

United States District Court, S.D. Florida.

Dec. 20, 1993.

Ira C. Hatch, Ira C. Hatch, P.A., Fort Lauderdale, FL, for appellants.

Linda L. Carroll, Spencer & Klein, P.A., Miami, FL, for appellee.

## ORDER AFFIRMING FINAL ORDER OF BANKRUPTCY COURT

ARONOVITZ, Senior District Judge.

This is an appeal by Appellants Carlos A. Marulanda, Edgar A. Marulanda and Alicia Marulanda from a Memorandum Decision Sustaining Debtors' Objections to Claims and Striking Claim as Filed By Marulandas, entered on July 21, 1992 by Judge A. Jay Cristol, United States Bankruptcy Court for the Southern District of Florida. The Court has considered the briefs on appeal, oral argument of counsel, the underlying record, the decision of the lower court and the applicable law, and is otherwise fully advised in the premises. For the following reasons, this Court AFFIRMS the decision of the Bankruptcy Court.

### Factual and Procedural Background

In late 1983, Appellee Ramiro Marrero ("Marrero") was the president of Greater Miami Broadcasting, Inc. ("GMB"), a Florida corporation. In February of 1984, GMB purchased the assets of Radio South Dade, Inc.,

including the radio station and the real property and improvements thereon.

Following discussions between Marrero and Edgar Marulanda, Edgar Marulanda's family members, Appellants Carlos A. Marulanda, Edgar A. Marulanda and Alicia Marulanda (the "Appellants" or the "Marulandas"), purchased twenty percent of Marrero's stock in GMB for a total purchase price of $175,000.00 on or about March 23, 1984. The Marulandas allege that this purchase price was calculated based upon Marrero's representation that he paid approximately $1.77 million for the radio station, which, at the time of the transaction, was the sole asset of GMB. This stock purchase was the subject of at least three subsequent lawsuits in the Florida state courts.

The first lawsuit, *Pablo Marulanda v. Ramiro Marrero and Greater Miami Broadcasting, Inc.*, Case No. 86–37268, was filed by Pablo Marulanda in the Circuit Court of the Eleventh Judicial Circuit in and for Dade County, Florida on or about August 27, 1986 ("the 1986 Action"). Pablo Marulanda, as the assignee of the Appellants,[1] filed a ten-count complaint, asserting claims of, *inter alia*, fraud, civil theft, breach of fiduciary duty and breach of contract arising from the 1984 GMB stock purchase. It was alleged that Marrero made several material misrepresentations of fact to the Appellants in connection with the stock purchase, such as the misrepresentation that GMB had paid Radio South Dade, Inc. $1.77 million for its assets, that the radio station could be changed from country western to hispanic music, that the station's facilities could be moved and that the station's wattage could be increased without additional governmental approval.

Nine of the ten counts asserted in the complaint ultimately were disposed of either by voluntary dismissal, summary judgment or a judgment on the pleadings. The common law fraud claim (Count I) was voluntarily dismissed following Marrero's assertion that such claim cannot be assigned under Florida law. Only the breach of contract count (Count IV) was tried to a jury, who, at the trial in May of 1989, was told by Pablo Marulanda's counsel during his opening statement that the "central question" to be decided was "did ... Marrero tell Mr. Marulanda that the purchase price when he bought the radio station was 1.75 ... dollars."[2] The jury ultimately found in favor of Marrero, which verdict was affirmed *per curiam* by the Third District Court of Appeal of Florida.

The second lawsuit (the "1988 Action") was filed in 1988 by the Appellants against Marrero.[3] In that action, the Marulandas asserted a claim of fraud and a claim of fraud in the inducement arising from their 1984 GMB stock purchase. The fraudulent misrepresentations alleged in the 1988 Action were identical to those alleged in Pablo Marulanda's 1986 Action. This action was stayed pursuant to the Bankruptcy Rules on or about April 17, 1991 when Marrero and his wife filed a voluntary petition under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Florida.

The third lawsuit (the "1990 Action") was filed in 1990 by Marrero against the Marulandas,[4] and sought the payment of a promissory note given by the Marulandas as part of the 1984 GMB stock purchase. The Marulandas filed a counterclaim in recoupment, seeking damages for fraud and fraud in the inducement.

1. By a written assignment executed on or about August 1, 1986, the Appellants had assigned all of their rights and interest in the 1984 GMB stock transaction to Pablo Marulanda, a relative. Attached to the assignment at the time of conveyance was a copy of a ten-count complaint against Marrero and GMB. Subsequently, Pablo Marulanda reassigned these rights to the Appellants on or about August 22, 1990.

2. *See* Excerpt of Trial Transcript, *Pablo Marulanda v. Ramiro Marrero, et al., supra*, at p. 7 (May 30, 1989).

3. *See Alicia Marulanda, Edgar A. Marulanda and Carlos A. Marulanda v. Ramiro Marrero*, Case No. 88–27275, Circuit Court of the Eleventh Judicial Circuit in and for Dade County, Florida.

4. *See Ramiro Marrero v. Alicia Marulanda, Edgar A. Marulanda and Carlos A. Marulanda*, Case No. 90–28703, Circuit Court of the Judicial Circuit in and for Dade County, Florida.

The instant underlying dispute arises from an unsecured claim in the amount of $323,-500.00, filed by the Marulandas in the underlying bankruptcy proceeding against Marrero's bankruptcy estate. On or about March 3, 1992 Marrero filed objections to this proof of claim on the ground that the Marulandas had failed to file sufficient documentation to establish the nature and merits of said claim. The Marulandas responded that Marrero was well aware of the nature of their claim since it was the subject matter of a lawsuit filed prior to the institution of the bankruptcy proceedings. They further maintained that Marrero had committed fraud by making untruthful representations to them in connection with their investment in GMB and that as a result of the misrepresentations, they have suffered damages in the amount as set forth in their proof of claim.

By Memorandum Decision entered on July 21, 1992, the lower court sustained debtor Marrero's objection and struck the Marulandas' claim. It ruled that said claim was barred by the doctrines of collateral estoppel and *res judicata* by virtue of the 1986 Action. It also held that said claim was further barred by Florida's statute of limitations for fraud actions, applying a five year limitations period. The Marulandas filed this appeal.

### Discussion

The issues to be determined herein are whether the Appellants' claim for damages in the bankruptcy proceeding is (1) barred by the 1986 Action under the doctrine of collateral estoppel and/or *res judicata*, and (2) barred by the applicable statute of limitations.

### A. COLLATERAL ESTOPPEL AND/OR RES JUDICATA

■ The doctrine of collateral estoppel precludes a party from relitigating an issue if the following criteria are satisfied: (1) the issue at stake must be identical to the one involved in the prior litigation; (2) the issue must have been actually litigated in the prior litigation; (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in the earlier action; and (4) the standard of proof in the prior litigation must have been at least as stringent as the standard of proof in the later litigation. *See Hoskins v. Yanks,* 931 F.2d 42 (11th Cir.1991); *Halpern v. First Georgia Bank,* 810 F.2d 1061 (11th Cir.1987); *Scarfone v. Arabian American Oil Co.,* 132 B.R. 470 (Bankr.M.D.Fla.1991). Each of these elements have been met in this case by virtue of the Pablo Marulanda 1986 Action.[5]

■ It is clear from the record that the issues at stake are identical. The Appellants' claim in the underlying bankruptcy proceeding is based on allegations of fraudulent misrepresentations made by Marrero in connection with the sale of the GMB stock. These allegations are identical to those upon which the 1986 Action is premised. Thus, the issue at stake is the same: common law fraud.

The Appellants claim that the second element of collateral estoppel is not satisfied. They assert that the issue of fraud was never actually litigated in the 1986 Action because that count was voluntarily dismissed prior to trial. The doctrine of collateral estoppel does not apply to a voluntary dismissal as such dismissal leaves the action as though the lawsuit had never been brought. *See In re Piper Aircraft Distribution System Antitrust Litigation,* 551 F.2d 213, 219 (8th Cir. 1977); *A.B. Dick Co. v. Marr,* 197 F.2d 498, 502 (2d Cir.), *cert. denied,* 344 U.S. 878, 73 S.Ct. 169, 97 L.Ed. 680 (1952).

However, while it is true that the only count actually tried to the jury was Count IV, labelled "Breach of Contract," it is apparent from the transcript of the trial in the 1986 Action that the issue actually litigated was the alleged fraudulent misrepresentations. In his opening statement, counsel for

---

5. As a preliminary matter, the doctrine of collateral estoppel and *res judicata* apply to bar a subsequent suit by the same parties or by those in privity with the parties in the prior action. *See In re Constructors of Florida, Inc.,* 349 F.2d 595 (5th Cir.1965), *cert. denied sub. nom., Coral Gables First Nat'l Bank v. American Surety Company of New York,* 383 U.S. 912, 86 S.Ct. 886, 15 L.Ed.2d 667 (1966); *Youngblood v. Taylor,* 89 So.2d 503, 505 (Fla.1956). It is clear from the record on appeal that Pablo Marulanda was the assignee of the Appellants' rights and interests arising from the 1984 GMB stock purchase and therefore, was in privity with the Appellants.

Pablo Marulanda outlined to the jury the "central question" to be determined in that case:

Now, the central question in this case, the central question you need to decide when you decide this question everything else will fall into place and that is, did Dr. Ramiro Marrero tell Mr. Marulanda that the purchase price when he bought the radio station was 1.75 or thereabouts million dollars. You will hear that question again and that is the central question in this case.

*See* Excerpt of Trial Transcript in *Pablo Marulanda v. Ramiro Marrero, et al., supra,* at pp. 6–7. Pablo Marulanda's counsel continued as follows:

He [Mr. Marulanda] was told that the station could be moved to Hialeah. He was told that the station could be changed to a Hispanic format radio and he was told that the station could be increased in power from 5,000 watts to 50,000 watts so it could be heard all over the area. None of those things were true.

The evidence will show the purchase price was not 1.75 but was rather 1.25 and the station could not be moved. The power could not be increased. The format could not be changed and Mr. Marulanda and his family purchased 20 percent in it based on Dr. Ramiro Marrero's representations that he was paying 1.7 million. . . .

*Id.* at 8. Counsel's own opening statement plainly demonstrates that the issue of fraud based on Marrero's alleged misrepresentations indeed was actually litigated in the 1986 Action. Whether the count litigated was captioned common law fraud, fraud in the inducement or breach of contract, the core issues actually litigated and decided on their merits are the same fraudulent misrepresentation issues that the Appellants now seek to relitigate in the underlying bankruptcy proceeding.

■ The Appellants claim that even if their fraud issue was actually litigated in the 1986 Action, this would not be binding on

them in the instant case because their assignment of their rights to Pablo Marulanda was void under Florida law. As the lower court found, this point is irrelevant in that the dispositive question is whether the identical facts and allegations were actually litigated and resulted in a final judgment. As the lower court correctly held, the answer must be in the affirmative. Moreover, the jury verdict form in the 1986 Action clearly shows that the jury considered and determined the question of Marrero's liability as to *each* of the Appellants herein.[6] The Appellants' argument that such determination is not binding on them now is unpersuasive.

■ The third requisite of collateral estoppel—that the determination of the fraud issue was a necessary and critical part of the judgment in the 1986 Action—is satisfied. The jury had concluded that Marrero did not breach his contract with each of the Appellants herein by failing to sell GMB stock in accordance with the terms of the contract. The Appellants argue that since the jury verdict does not state why the jury found for Marrero on the breach of contract claim, collateral estoppel or *res judicata* is not appropriate.

However, the breach of contract count (Count IV) was based on the allegations that "Plaintiffs contracted with Marrero for the purchase of certain securities (stock) which had, as one of their characteristics, having just been purchased by Marrero for 20% of $1,773,204.14" and that "[s]aid securities did not meet with said contract specifications." *See* Complaint at ¶¶ 40–41, filed in *Pablo Marulanda v. Ramiro Marrero, et al., supra.* Since the jury found in favor of Marrero on this count, it must have necessarily decided that the stock had been purchased by Marrero for 20% of $1,773,204.14 and hence, that there was no misrepresentation by Marrero of the purchase price.

The fourth element of collateral estoppel—that the standard of proof in the prior litigation must have been at least as stringent as the standard of proof in the later litigation—

---

**6.** The jury verdict form in the 1986 Action posed the following question: "Did Ramiro Marrero breach his contract with [individual Appellant's name], as an assignor of Pablo Marulanda, by failing to sell stock in Greater Miami Broadcasting, Inc., in accordance with its terms?" The answer was in the negative as to each of the Appellants.

is not in dispute and clearly is satisfied in this case.

■ For the foregoing reasons, this Court rules that the Appellants' claim for damages in the bankruptcy proceeding is barred by the doctrine of collateral estoppel and therefore, affirms the lower court's decision on this ground.[7]

## B. *STATUTE OF LIMITATIONS*

The lower court ruled that the Appellants' claim was barred by Florida's statute of limitations for actions based on fraud and applied a five year limitations period. It found the alleged fraudulent misrepresentations resulted in the Appellants' purchasing stock on March 23, 1984 and therefore, the statute of limitations expired five years later on March 23, 1989. The lower court, however, further found that on March 23, 1989, the Appellants possessed no cause of action against Marrero as they had assigned all their rights to Pablo Marulanda in 1986 and Pablo Marulanda had not reassigned those rights back to the Appellants until August 22, 1990. Marrero's bankruptcy petition was filed on or about April 17, 1991. Thus, the Appellants' claim against the bankruptcy estate was filed after the statute of limitations had expired.

■ Based on the record on appeal, this Court agrees with the lower court's ultimate conclusion on the statute of limitations issue but disagrees with its analysis. First, the lower court erroneously applied a five year statute of limitations for actions founded on common law fraud. Under Florida law, a party has *four* years within which to bring an action based on fraud. *See* F.S. § 95.11(3)(j). Therefore, a four year limitations period should have been applied.

■ The lower court also found that the statute began to run on March 23, 1984, the date of the stock purchase. Such finding was clearly erroneous. Under Florida law, the statute of limitations begins to run from the date when the alleged basis for the action

was either discovered or should have been discovered by the exercise of due diligence. *See, e.g., Knight v. E.F. Hutton and Co., Inc.,* 750 F.Supp. 1109 (M.D.Fla.1990) (applying Florida law). There is no evidence in the record, nor was any cited by the lower court, that the Appellants discovered or should have discovered by the exercise of due diligence Marrero's fraudulent misrepresentations on or before March 23, 1984.

Based on the record on appeal, this Court finds that the very latest date on which the Appellants knew or should have known of the alleged fraud is August 1, 1986 since this is the date of the assignment from the Appellants to Pablo Marulanda to which a copy of a ten-count complaint was attached. Said complaint included a specific count for fraud. This undisputed fact clearly shows that the Appellants knew of their fraud claim no later than by August 1, 1986. Therefore, the relevant statute of limitations expired four years later on August 1, 1990. The Appellants, however, did not assert their fraud claim until 1991 when it filed its proof of claim in the bankruptcy proceeding, clearly after the expiration of the statute of limitations.

■ The Appellants argue that the statute of limitations period was tolled by their 1988 Action against Marrero. However, at the time the Appellants filed such action, they had no standing to do so as they had earlier assigned their fraud claim to Pablo Marulanda in 1986 and such claims were not reassigned back to the Appellants until August 22, 1990, over two weeks after the statute had lapsed. Therefore, the 1988 Action can have no tolling effect.

■ The Appellants further maintain that even if the statute of limitations has expired, they may still pursue their fraud claim under *Allie v. Ionata,* 503 So.2d 1237 (Fla.1987). The Supreme Court of Florida in *Allie* held that the running of the statute of limitations on an independent cause of action does not bar the recovery of an affirmative judgment in recoupment on a compulsory

---

7. For the same foregoing reasons, the Court also finds that the Appellants' claim at issue is precluded by the doctrine of *res judicata,* which bars a subsequent suit between the same, or their privies, that is based on the same cause of action after a final judgment is entered as to all matters raised or which could have been raised in the prior action. *See Gordon v. Gordon,* 59 So.2d 40 (Fla.), *cert. denied,* 344 U.S. 878, 73 S.Ct. 165, 97 L.Ed. 680 (1952).

counterclaim. The Appellants argue that they have asserted their fraud claims as a counterclaim in recoupment in the 1990 Action and therefore, such claims should not be time barred in the underlying bankruptcy proceeding.

While *Allie* arguably may permit the Appellants to pursue their fraud claims as a counterclaim in recoupment in the 1990 Action, that case does not speak to the issue in the context of a bankruptcy proceeding. The Court finds no basis, nor have the Appellants cited any authority, for the application of *Allie* in a bankruptcy context. The Court therefore declines to apply the holding of *Allie* to the facts of this case.[8]

Accordingly, the lower court's memorandum decision is overruled to the extent that it applied a five year statute of limitations and to the extent that it found that the statute of limitations began to run on March 23, 1984. This, however, does not affect or change the lower court's ultimate ruling that the Appellants' claim is time barred by the statute of limitations for actions founded on fraud. Such ruling is affirmed for the reasons stated herein.

### Conclusion

In consideration of the above, this Court concludes that the lower court correctly applied the doctrines of collateral estoppel and/or *res judicata* to this case. Except as specified above, this Court further concludes that the lower court correctly determined that the statute of limitations bars the Appellants' instant claim. Therefore, the Bankruptcy Court's Memorandum Decision Sustaining Debtors' Objections to Claims and Striking Claim as Filed by Marulandas is hereby AFFIRMED.

DONE AND ORDERED.

---

8. The Court further declines to apply *Allie* on the addition ground that Marrero may not have been a real party in interest in the 1990 Action. There is some evidence in the record that Marrero had assigned his claim against the Appellants to his attorney and that the 1990 Action was filed in Marrero's name but that shortly thereafter, his counsel was substituted as Marrero's assignee. In this situation, the Appellants' recoupment theory could not evade the bar of the statute of limitation as the proper party subject to the Appellants' counterclaim in recoupment would be Marrero's attorney, as assignee, and not Marrero.