PER CURIAM.
We affirm the trial court’s holding on summary judgment in this quiet title action that the applicable statutes of limitations and repose bar enforcement of the subject mortgages. See §§ 95.11(2)(c) and 95.241, Fla. Stat. (2000). We write only to address defendants’ argument that their defense of recoupment may be asserted to defeat this quiet title action even though it is based on the debt secured by the mortgages whose enforcement is barred by the statute of limitations.
Defendants argue that under Allie v. Ionata, 503 So.2d 1237 (Fla.1987), recoupment may be used defensively to reduce a debt even though it is founded on a time-barred claim. Their argument overlooks the supreme court’s later decision in Rybovich Boat Works, Inc., v. Atkins, 585 So.2d 270 (Fla.1991), holding that the Allie re-coupment theory could not be used defensively against a claim for specific enforcement of contract to sell realty. The court explained that:
The argument advanced by Atkins, if accepted by this Court, would have the effect of placing a cloud on the title of any real property that was the subject of a failed contract for purchase and sale. This cloud would exist for at least several years after the contract failed, until the point in time at which every conceivable lawsuit arising from the failed contract was time-barred. During this period, the marketability of the property would be reduced, its value would be lessened by the possibility of a future lawsuit, and title insurance companies would be unwilling to insure the property against an eventual claim for specific performance. The mere fact of entering into a contract for purchase and sale *355 thus could become a risky venture, giving buyers great pause. All of these results are contrary to the public policy of Florida, as expressed in legal authority such as section 95.11(5)(a), Florida Statutes (1985), which seek to encourage the alienability of real property.
585 So.2d at 271. The court then added:
In sum, we do not believe the rationale of Allie applies whenever the particular remedy raised in counterclaim seeks the delivery of unique or nonfungible property such as real estate. The issue in Allie was money damages. With money, it does not matter which particular units are used as payment, and there is no serious restraint on property rights if the possibility of a defendant’s counterclaim for money damages endures over the several years during which a plaintiff may bring a lawsuit. Moreover, no undue restraint on the alienability of property occurs if plaintiffs are required to offset their own money damages against the money damages they have inflicted on their defendants, even if the latter damages otherwise are time-barred.
585 So.2d at 272.
We conclude that Allie cannot be used where the claim sought to be reduced by recoupment is not a money damages claim. Here, not only is the Curtis claim not one for money damages, but it is distinctly an action regarding title to realty, as was the claim in Rybovich, which specifically involved a quiet title claim as well. Rybo-vich thus supports the trial judge’s grant of summary judgment in this case.
AFFIRMED.
GUNTHER, FARMER and KLEIN, JJ., concur.