797 So.2d 26 (2001)
Brenda INGLIS, Appellant/Cross-Appellee,
v.
FIRST UNION NATIONAL BANK, f/k/a First Union National Bank of North Carolina Successor by merger to First Union National Bank of Florida successor in interest to the F.D.I.C., as Receiver of Southeast Savings f/k/a First Federal Savings and Loan Association of Jacksonville; David E. Colson; Georgette S. Colson; the unknown spouse of Brenda H. Inglis; any and all unknown parties claiming by, through, under, and against the herein named individual defendant(s) who are not known to be dead or alive, whether said unknown parties may claim an interest as spouses, heirs, devisees, grantees, or other claimants; and Tenant # 1, Tenant # 2, Tenant # 3, And Tenant # 4, the names being fictitious to account for parties in possession, Appellees/Cross-Appellants.
No. 1D00-3380.
District Court of Appeal of Florida, First District.
September 6, 2001.
Rehearing Denied October 17, 2001.
James C. Cumbie, Jacksonville, for appellant/cross-appellee.
Earl M. Barker, Jr. of Slott & Barker, Jacksonville, for appellees/cross-appellants.
WOLF, J.
This is a timely appeal and cross-appeal from a final judgment entered in favor of appellee, Georgette Colson, on her claim for reformation of a deed to a certain parcel of real property and against appellant, Brenda Inglis, on her claim for partition of the same parcel of real property.
We conclude that the trial court erred in determining that Georgette Colson's claim for reformation of the deed was not barred by the 20-year statute of limitations set forth in section 95.231(2), Florida Statutes. We, therefore, reverse the judgment of the trial court ordering reformation of the deed and remand for reconsideration of the claim for partition in light of our decision. Because this issue is dispositive, we *27 decline to address the other issues raised by appellant. We affirm as to the issue raised on cross-appeal without further discussion.
This case began in October 1997 when appellee First Union National Bank filed an action to foreclose a mortgage on real property located at 7313 Merrill Road, Jacksonville, Duval County, Florida. A warranty deed for the property had been filed in the official records of Duval County, Florida in 1975. This deed had conveyed the property to "David E. Colson and Georgette S. Colson, his wife and Clarence M. Thon, a single man." David Colson died in 1985. Clarence Thon died in 1994. Appellee Colson succeeded to David Colson's interest in the property. Appellant, as Mr. Thon's niece and personal representative to his estate, succeeded to whatever interest he had in the property through his will which gave to her any interest he had at the time of his death in any real property.
In her answer to the foreclosure complaint, appellant admitted that she was an owner of record of the property, and she initiated a cross-claim against appellee Colson for partition of the property. Appellee Colson subsequently filed answers to both the original foreclosure complaint and appellant's cross-claim. Appellee Colson also counterclaimed, asserting a cross-claim for reformation of the deed which argued that Clarence Thon's name had been placed on the deed merely to secure repayment of a $1,000 loan he had made to the Colsons to assist them in the purchase of the property. Appellant answered appellee Colson's cross-claim, asserting among her affirmative defenses that appellee Colson's cross-claim for reformation was barred both by the applicable statute of limitations and the doctrine of laches.
Appellant attempted to secure a summary judgment as to the statute of limitations defense. Relying on Allie v. Ionata, 503 So.2d 1237 (Fla.1987), the trial court determined that the reformation claim was not barred by the statute of limitations because the request for reformation was a compulsory counterclaim to appellant's cross-claim for partition.
The circuit court later entered a final judgment in favor of appellee Colson on her claim for reformation of the deed and against appellant on her claim for partition. The denial of appellant's claim for partition was expressly based on the trial court's determination that after reformation of the deed appellant had no ownership interest in the real property.
There is no dispute in this case that the deed sought to be reformed was recorded in the official records of Duval County in 1975. The version of section 95.231(2), Florida Statutes, in effect at the time of the recordation of the deed, stated as follows:
After 20 years from the recording of a deed or the probate of a will purporting to convey real property, no person shall assert any claim to the property against the claimants under the deed or will or their successors in title.
§ 95.231(2), Fla. Stat. (1975). The language of this statute has not been changed over the years and remains the same today. See § 95.231(2), Fla. Stat. (2000). This court has held that claims for reformation of a deed, such as appellee Colson's claim here, are subject to the twenty-year limitation period set forth in section 95.231, Florida Statutes. See Rigby v. Liles, 505 So.2d 598, 601 (Fla. 1st DCA 1987). Because both the underlying mortgage foreclosure and appellee Colson's cross-claim for reformation were filed more than 20 years from the date of recording of the deed, the only question in this case is whether the rule announced by *28 the supreme court in Allie v. Ionata, 503 So.2d 1237 (Fla.1987), applied to appellee Colson's cross-claim for reformation such that the cross-claim could proceed even though it would have been time-barred if asserted as an independent cause of action.
In Allie, the supreme court held that a defensive compulsory counterclaim for recoupment of money damages could be maintained by a party even if the statute of limitations applicable to the claim would otherwise bar recovery if the claim had been brought as an independent cause of action. See id. at 1239-40. While this decision would seem at least facially to support appellee Colson's position that her reformation claim could be maintained defensively even though otherwise timebarred, the supreme court's decision in Rybovich Boat Works, Inc. v. Atkins, 585 So.2d 270 (Fla.1991), forecloses appellee from obtaining the equitable relief sought in her reformation claim.
In Rybovich, the supreme court was asked to decide whether the holding in Allie allowed for the maintenance as a compulsory counterclaim of an otherwise time-barred claim for specific performance with regard to a parcel of real estate. See id. at 270. The supreme court held that the rule announced in Allie was inapplicable to the facts in Rybovich because the particular remedy requested was the delivery of a unique parcel of real estate as opposed to merely money damages. See id. at 271-72. The supreme court reasoned that, if it accepted the argument advanced by the counterclaimant, it would have the effect of placing a cloud on the title of any real property which had been the subject of a failed real estate sales contract until the point in time at which every conceivable lawsuit arising from the failed contract was time-barred. See id. at 271. The supreme court stated that during such a period the marketability and value of the property would be reduced in contravention of Florida law which seeks to encourage the alienability of real property. See id. The supreme court specifically distinguished the remedy sought by the counterclaim at issue in Allie from the equitable relief sought by the counterclaim in Rybovich as follows:
In sum, we do not believe the rationale of Allie applies whenever the particular remedy raised in counterclaim seeks the delivery of unique or nonfungible property such as real estate. The issue in Allie was money damages. With money, it does not matter which particular units are used as payment, and there is no serious restraint on property rights if the possibility of a defendant's counterclaim for money damages endures over the several years during which a plaintiff may bring a lawsuit. Moreover, no undue restraint on the alienability of property occurs if plaintiffs are required to offset their own money damages against the money damages they have inflicted on their defendants, even if the latter damages otherwise are time-barred.
Id. at 272.
In this case, appellee Colson sought reformation of the deed in order to acquire appellant's one-half ownership interest in the property, as reflected on the deed, thereby giving herself exclusive ownership interest in the property as a whole. It is difficult to see how appellee Colson's claim seeking delivery of appellant's one-half interest in the property was any different than the counterclaimant's request for delivery of the entire parcel of real estate at issue in Rybovich. We, therefore, conclude that the claim for reformation was barred by the running of the limitations period set forth in section 95.231(2), Florida Statutes.
*29 Appellant further urges us to reverse the denial of her request for partition and order the trial court to grant this relief. While we agree that the trial court's denial of the claim for partition was inextricably intertwined with its granting of the request for reformation, we decline to determine appellant's entitlement to such relief in this court. We, therefore, reverse and remand this case to the trial court for reconsideration of appellant's claim for partition in light of this court's decision on the claim for reformation of the deed.
BARFIELD and LEWIS, JJ., concur.