PER CURIAM.
In this case, appellee brought a counterclaim against appellant seeking recovery of substantial damages for appellant’s breach of a cutting contract allowing appellant the right to harvest trees on a large tract of land previously conveyed by appellant to appellee, and imposing upon appellant an obligation to reforest the tract. We conclude that appellant has advanced no argument sufficient to cause reversal of the detailed final judgment entered by the trial court. We address only appellant’s lead argument concerning the trial court’s order striking appellant’s statute of limitations defense. We find that the issue is controlled by Allie v. Ionata, 503 So.2d 1237 (Fla.1987), and that Allie requires affirmance.
The counterclaim upon which appellee recovered here was a compulsory counterclaim in the nature of a recoupment, as *8 specifically approved by the supreme court in Allie. Appellant urges that Allie does not control the present case, pointing to two subsequent supreme court decisions, Rybovich Boat Works, Inc. v. Atkins, 585 So.2d 270 (Fla.1991), and Beach v. Great Western Bank, 692 So.2d 146 (Fla.1997), both of which declined to apply Allie to bar a statute of limitations defense to a counterclaim. Neither of these cases, however, is analogous to the present situation. In Rybovich, the supreme court declined to extend Allie to a counterclaim for specific performance of an option to buy real estate because allowing such a claim “would have the effect of placing a cloud on the title of any real property that was the subject of a failed contract for purchase and sale.” 585 So.2d at 721. In Beach, the supreme court held that an action for a statutory right of rescission pursuant to the Federal Truth in Lending Act could not be revived as a defense in recoupment outside of three years because the Truth in Lending Act fell into that category of statutes that provide both the right and the remedy. Therefore, the three-year period set forth in the Act did not merely act as a statute of limitations, but instead, the lapse of three years actually extinguished the right. 692 So.2d at 149-50.
Having considered the exceptions to the general rule established in Allie, we conclude that the present case, in which both the initial claim and the counterclaim sought damages under the cutting contract, does not warrant application of these exceptions.
AFFIRMED.
BARFIELD, KAHN, and LEWIS, JJ., concur.