ORFINGER, R. B., J.
We affirm the trial court’s summary final judgment concluding that the statute of limitations bars enforcement of a 1993 New York decree purporting to determine the ownership of certain shares of stock.
The lawsuit between the parties concerns a dispute over the ownership of stock in Tuff Realty Corporation and 1500 West Church Street Corporation. The complaint filed by Appellees, James M. Guerin, as surviving spouse of Mary N. Guerin, Susan C. Todd, Kathleen Caiazza, Pasquale (Patrick) P. Caiazza, Jr. and Christopher P. Caiazza, alleged that they own all of the disputed shares of corporate stock while Appellants’ counterclaim asserts exactly the opposite. Important to this appeal is Appellants’ contention that in 1993, the Surrogates Court of New York entered a decree determining that Pasquale P. Caiazza, Sr., owned the disputed stock at the time of his death, and therefore, the stock was an asset of Caiazza, Sr.’s estate. As a result, Appellants, the administrators of his estate, contend that they now own and control the stock for the benefit of Caiazza, Sr.’s estate. For a variety of reasons, Appellees dispute the validity of the New York decree, but relevant to this appeal is their contention, and the trial court’s determination, that the statute of limitations bars the enforcement of the 1993 New York decree. We agree and affirm the trial court’s summary final judgment on Appellants’ counterclaim.
An action on a judgment or decree of any court, not of record, of this state or any court of the United States, any other state or territory in the United States or a foreign country must be commenced within five years. § 95.11(2), Fla. Stat. (2000). “Every judgment gives rise to a common law cause of action to enforce it, called an action upon a judgment.”[1] Burshan v. Nat’l Union Fire Ins. Co. of Pittsburgh, PA, 805 So.2d 835, 840 (Fla. 4th DCA 2001). The “main purpose of an action on a judgment is to obtain a new judgment which will facilitate the ultimate goal of securing satisfaction of the original *31 cause of action.” Adams v. Adams, 691 So.2d 10, 11 (Fla. 4th DCA 1997).
Appellants argue that their counterclaim is not an action on a judgment that would be barred by the five-year statute of limitations. We disagree. Reduced to its essentials, Appellants’ counterclaim seeks recognition and enforcement of the 1993 New York decree, which they contend conclusively resolves their right of ownership and control of the disputed stock. Stated differently, Appellants’ counterclaim seeks a judgment from the Florida court determining that they, not Appellees, own the disputed stock based on the New York decree. We have no difficulty in concluding that Appellants’ counterclaim is an “action on a judgment” as that term is used in section 95.11(2). As such, we conclude, as did the trial judge, that Appellants’ counterclaim was untimely under section 95.11(2).
While Appellants correctly argue that in Allie v. Ionata, 503 So.2d 1237 (Fla.1987), the supreme court held that a compulsory counterclaim for recoupment of money damages could be asserted even though the underlying claim would have been time barred as a separate cause of action, they overlook that in Rybovich Boat Works, Inc. v. Atkins, 585 So.2d 270 (Fla.1991), the supreme court narrowed Allie by holding that a time barred claim could not be asserted as a compulsory counterclaim seeking specific enforcement of a contract to sell real property. The court explained that:
[W]e do not believe the rationale of Allie applies whenever the particular remedy raised in counterclaim seeks the delivery of unique or nonfungible property such as real estate. The issue in Allie was money damages. With money, it does not matter which particular units are used as payment, and there is no serious restraint on property rights if the possibility of a defendant’s counterclaim for money damages endures over the several years during which a plaintiff may bring a lawsuit. Moreover, no undue restraint on the alienability of property occurs if plaintiffs are required to offset their own money damages against the money damages they have inflicted on their defendants, even if the latter damages otherwise are time-barred.
Rybovich, 585 So.2d at 272; see also Admiral Sec. & Inv. v. Curtis, 804 So.2d 354 (Fla. 4th DCA 2001) (holding that based on Rybovich, the defense of recoupment could not be asserted to defeat quiet title action even though it was based on debt secured by mortgage whose enforcement was barred by statute of limitations as claim sought to be reduced by recoupment was not a money damages claim). We read Rybovich to narrow the holding in Allie to claims for money damages. We believe that this dispute, involving the ownership of stock in two corporations, is more analogous to Rybovich than Allie. As such, we conclude that enforcement of the 1993 New York decree is barred by the statute of limitations.[2]
AFFIRMED.
THOMPSON, C.J., and SAWAYA, J., concur.

. The Florida Enforcement of Foreign Judgments Act, sections 55.501-55.509, Florida Statutes (2000), is not implicated in this appeal. Appellants never sought to register their judgment pursuant to that act.

. In reaching this conclusion, we make no determination as to the validity of the New York decree or as to the ownership of the disputed stock.