ALLEN, J.
The appellant challenges a final summary judgment by which the trial court denied her claim for uninsured motorist coverage as barred by the statute of limitations. Because the appellants claim was a compulsory counterclaim, we reverse.
The appellee insurance company issued a policy of automobile insurance to the appellant and Alan Backlund. The appellant was injured while a passenger in an automobile driven by Backlund and covered under the policy. The appellant filed suit against Backlund, alleging that her injuries had been caused by Backlunds negligent operation of the covered vehicle. The insurer initially provided Backlund a defense but thereafter filed a complaint for declaratory relief against Backlund and the appellant, requesting a declaration that Part I of the insurance policy, the liability section, afforded Backlund no coverage and did not obligate the insurer to defend Backlund in the appellants suit against him. In her response to the complaint, the appellant admitted that there was no coverage under Part I of the policy due to an exclusion from recovery by an insured, but she claimed that coverage was afforded to her under Part III of the policy, the uninsured motorist section.
The insurer subsequently filed a motion for final summary judgment requesting a declaration that the appellants uninsured motorist claim was barred by the statute of limitations. The appellant conceded at the hearing on the motion that if the claim were not a compulsory counterclaim, it would be barred. However, the appellant argued that pursuant to Allie v. Ionata, 503 So.2d 1237 (Fla.1987), the claim was not subject to the statute of limitations because it was a compulsory counterclaim.
Because the appellants counterclaim arose out of the same facts as the insurers claim, it was a compulsory counterclaim. See Londono v. Turkey Creek, Inc., 609 So.2d 14 (Fla.1992). In Allie, the Florida Supreme Court held that statutes of limitations do not apply to compulsory counterclaims. While the holding in Allie has been limited to cases in which damages are fungible, money damages are ultimately at issue in this case, and Allie applies. See Rybovich Boat Works, Inc. v. Atkins, 585 So.2d 270 (Fla.1991). Thus, the appellants *1229 compulsory counterclaim for uninsured motorist coverage was not barred by the statute of limitations.
The final summary judgment accordingly is reversed.
DAVIS and BENTON, JJ., concur.